**SOUTH EASTERN XPRESS,**
**INC., Appellant,**

v.

**The BANK OF CROWLEY, Appellee.**

**No. 18365.**

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 5, 1981.

Rehearing Denied March 5, 1981.

Brown, Herman, Scott, Dean & Miles, and Richard W. Wiseman and R. David Broiles, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller and Richard G. Williams, Daniel L. Lowry, Bill E. Bowers and David E. Keltner, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

South Eastern Xpress, Inc., (SEX) has appealed the judgment notwithstanding the verdict granted The Bank of Crowley (Bank) as to the suit by SEX against Bank for usury penalties on a series of notes. These notes represented loans from Bank to Paul A. Johnson. The jury had answered the 600 plus special issues in favor of SEX. SEX had sued to recover the penalties in its own right as well as by an assignment from Johnson.

We affirm.

The parties do not agree upon the statement of the case. However, it is undisputed that Johnson signed 106 notes made to Bank in various amounts during the period from November 1, 1973 through August 29, 1974. All of the notes except ten follow the form of the first one executed on November 1, 1973 in reciting:

Loan No. 3-22695  Name Paul A. Johnson                    App'd By ____ HB

Crowley, Texas  November 1st        19 73

On or Before    Demand        45 Days

after date, for value received, I, we, or either of us, promise to pay to the order of

**THE BANK OF CROWLEY**

Two Thousand Three Hundred Fourty Nine and 67/100 — — — — DOLLARS

payable at the banking house of THE BANK OF CROWLEY, at Crowley, Tarrant County, Texas, bearing interest from

_____ at the ANNUAL PERCENTAGE RATE of _____ percentum per annum.

All past due principal and interest shall bear interest at the rate of ten percentum per annum from maturity until paid.

Any and all securities or other property heretofore, now or hereafter pledged or delivered by any of the undersigned to said Bank, shall be held and construed to be pledged hereunder as if fully described therein, and may be held by said Bank as security for any and all debts and obligations of any or all of the undersigned to said Bank for the payment of money, whether such debts, liabilities and obligations now exist, or are hereafter incurred or arise, and whether the obligation or liability thereon of the undersigned, or any of them, be direct, contingent, primary, secondary, joint, several, joint and several, or otherwise, and whether such obligation be of the same character or different.

The makers, sureties, guarantors and endorsers of this note and all other parties hereto (herein called the undersigned) severally waive demand, presentment for payment, notice of dishonor, protest and notice of protest, diligence in collecting or in bringing suit against any party hereto and agree to the application of any bank balance, individual or partnership, in which any party may have an interest as payment or part payment of this obligation or as an offset hereon, and agree in all extensions or partial payments with or without notice before or after maturity.

At the option of the holder hereof, all unpaid amounts of principal and interest shall become immediately due and payable without demand or notice upon the occurrence of any of the following events: default in the payment of any installment of this note when due or in any other payment to be made when due as herein provided; the death, insolvency (however expressed or indicated) or bankruptcy of the undersigned or any of them; any assignment or receivership of, whether in or out of court, or any proceedings in bankruptcy or for the relief of debtors or readjustment of debts filed by or against any of the undersigned; or upon the failure of any of the undersigned to keep and perform any covenant herein contained or otherwise made with said bank; or if the holder hereof feels insecure for any reason. In the event of such acceleration all other indebtedness owed by the undersigned to the within named payee shall at the option of payee also become at once due and payable.

If placed in the hands of an attorney for collection or collected through the probate court or bankruptcy court there shall be added ten percentum (10%) of the principal and interest of this note as attorney's fees.

We and each of us (including guarantors and endorsers) agree that in case of renewals or extensions of maturity of this note, any and all security interest given the payee by us or any of us at any time shall remain in full force and effect as security for the payment of the renewed or extended note.

Each of the undersigned acknowledges that his or her liability hereon shall be an obligation of his, or her separate property and estate as well as an obligation of the community estate of the undersigned and the spouse of the undersigned.

Security  Inv # 1-639-1610-1611-1642-1643

Security agreement covers other and future indebtedness.

Paul A. Johnson

P.O. Box 6985, Fort Worth, Texas 76115

Due  12-15-73        Phone No 293-6266

ADDRESS

SIGNATURES

Paul A. Johnson

Cash advance          $2,302.68

Credit Life Prem.     $

Filing Fees           $

Amount Financed       $    46.99

FINANCE CHARGE $

Total of Payments     $2,349.67

PLAINTIFF'S EXHIBIT A-1

PENCO-Bayonne, N. J.

The notes that varied include:

One that had 90 days instead of 45 days;

Three that had 60 days instead of 45 days;

Five that had no "demand" recited and a date due;

One that recited no "demand" but a 10 day due time—no finance charge;

One that recited "Demand 10 days"—no finance charge;

One had no signature.

The balance of the notes are "*Demand 45 days after date*" with a due date in the bottom left hand corner and the name "Paul A. Johnson" written in a printed "SIGNATURE" space; that is, all but five which had "Paul A. Johnson" typed in the SIGNATURE space under which was "By Ben Hamrick"—the Ben Hamrick being a written signature.

Ben Hamrick bought Johnson's shares in SEX in 1976 with a four-year promissory note in the amount of $20,000. In the agreement of sale, Johnson assigned Hamrick all Johnson's "right, title and interest and claim to any assets of any kind belonging to South Eastern Xpress, Inc. or Paul A. Johnson Trucking Company."

On July 5, 1979, an assignment was made by Johnson to SEX of any cause of action for usury penalties accruing to Johnson. The last note was executed August 29, 1974. The last payment on a loan was made September 12, 1974.

Point of error no. one avers that trial court erred in granting "Defendant's Motion For Judgment Non Obstante Veredicto." Point of error nos. two through five aver error of trial court in denying plaintiff's motion for judgment; not entering judgment for plaintiff; overruling plaintiff's objections to court accepting verdict; and denying plaintiff's motion for a new trial. Our ruling on point of error no. one effectively disposes of the other points.

We agree with the learned trial judge that the claim for usury was not assignable since Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (1979) limits recovery for usurey to the obligor. *Houston Sash and Door Co., Inc. v.*

*Heaner*, 577 S.W.2d 217 (Tex. 1979). Johnson, not SEX, was the obligor in this case. This article, being penal in nature is to be strictly construed. *Pinemont Bank v. Du-Croz*, 528 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). We overrule point of error no. one.

Having examined the other points of error in the light of our ruling on point of error no. one, we also overrule them.

Affirmed.