**Charlene Warner SMART, Appellant,**

v.

**CRAWFORD BUILDING MATERIAL COMPANY, Appellee.**

No. 1531.

Court of Appeals of Texas, Tyler.

Aug. 12, 1982.

Bill Pedersen, Jr., Rorie & Pedersen, Nacogdoches, for appellant.

William D. Guidry, Benchoff & Guidry, Craig Stripling, Stripling & Sutton, Nacogdoches, for appellee.

SUMMERS, Chief Justice.

This appeal arose from a suit on a debt filed by Crawford Building Material Company (Crawford) against Steve Smart and appellant Charlene Smart. The trial court after a nonjury trial entered judgment for Crawford against Mr. Smart for $2,971.20, the amount of the original debt. A take-nothing judgment was entered against Mrs. Smart. Mrs. Smart's counterclaim for usury against Crawford was denied, and only she appeals.

We affirm.

Mr. Smart, while married to Mrs. Smart, started construction on what was to be their home. He set up a charge account in his own name at Crawford's and charged material to be used on the construction of the house. Such material was purchased from September 1979 until February 1980, and monthly statements were sent to Mr. Smart reflecting the balance due on the account. No payments were made on the account for the last months of construction and by February 1980, the account balance was $2,971.20. As reflected by Crawford's ledger sheet and copies of the statements sent to Mr. Smart, a $16.16 "service charge" was added to the unpaid account in March 1980. Another "service charge" in the amount of $32.37 was added in April 1980. These charges would later serve as the basis for the usury cause of action.

Dreams of the happy home ended on June 23, 1980, when the Smarts were divorced. As part of the property settlement, Mr. Smart was ordered to assign to Mrs. Smart any usury cause of action he might have that was attributable to the construction of the home. She, in return, agreed to indemnify Mr. Smart from any indebtedness incurred in the construction of the home. In addition, Mr. Smart quitclaimed his interest in the home to Mrs. Smart, and the divorce court ordered that the home be sold. The home was, in fact, sold on July 22, 1980, and from the sale proceeds the amount owed to Crawford was placed in an escrow account pending resolution of the forthcoming dispute between the parties.

In July 1980, Crawford sued both Steve *and* Charlene Smart to collect the principal amount of the debt ($2,971.20). Collection of the $48.53 in "service charges" was not sought. Mr. Smart answered with a general denial and an interpleader action praying that he be allowed to deposit the amount owed into the registry of the court (presumedly as a transfer from the escrow account mentioned above).

Mrs. Smart answered Crawford's suit with a general denial, a defense of usury and a "cross-action" for usury. She based her right to assert the usury action on Mr. Smart's assignment of that cause of action to her as part of the divorce settlement.

As previously stated, the trial court granted judgment for Crawford against Mr. Smart for $2,971.20. A take-nothing judgment was entered against Mrs. Smart, and her usury claim against Crawford was denied.

In her first point of error, Mrs. Smart asserts the trial court erred in holding that she was *not* an obligor on the Crawford account.[1]

■ Upon the appellant's request the trial court filed a document entitled "Findings of Fact and Conclusions of Law." In reality, no findings of fact were made, only conclusions of law. There is no evidence in the record that a further request for findings of fact was filed. It is clear that where no findings of fact are requested or filed, the trial court's judgment implies all necessary fact findings in support of the judgment. In reviewing the record to determine if any evidence supports the judgment and concomitant implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Const.,* 565 S.W.2d 916, 918 (Tex.1978).

■ The legal theory to support the judgment in the instant case is that the debt owed to Crawford was not a community debt or joint obligation of both the husband and the wife. While debts arising during marriage are presumed to be community debts, *Cockerham v. Cockerham,* 527 S.W.2d 162, 171 (Tex.1975), this presumption can be overcome, *LeBlanc v. Waller,* 603 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The evidence in this case shows that it was Steve Smart who went to Crawford's to set up the account. All delivery tickets and invoices were addressed to Steve Smart. All statements were sent to Steve Smart's attention.

■ These facts are sufficient to support the implied finding that the debt was not a community debt nor joint obligation. Again, the trial court's judgment is not to be set aside unless there is no evidence to support its implied fact findings. We are required to look at only the evidence favorable to the trial court's judgment in determining whether it is supported by some evidence. *Goodyear Tire & Rubber Co. v. Jefferson Const., supra* at 919. Moreover, appellant failed to allege in her answer and counterclaim that she was an obligor on the account. She relied, instead, on the assignment of the cause of action she took from her ex-husband. Appellant's first point is overruled.

■ In her second point, Mrs. Smart claims the trial court erred in holding that the cause of action for usury was not assignable by Mr. Smart to Mrs. Smart. We agree with the trial court. Article 5069–1.-06, Tex.Rev.Civ.Stat., Texas' penalties for usury provision, limits recovery for usury to the obligor. *Houston Sash and Door Co., Inc. v. Heaner,* 577 S.W.2d 217, 222 (Tex. 1979). Being penal in nature, art. 5069–1.06 is to be strictly construed. *South Eastern Xpress, Inc. v. Bank of Crowley,* 612 S.W.2d 85, 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). In accordance with the general rule that a right to recover a penalty cannot be assigned, we hold that Mrs. Smart, as an assignee, cannot maintain an action for usury.

Mrs. Smart would have us hold otherwise based on the authority of *National Bond and Mortgage Corp. v. Mahaney,* 124 Tex. 544, 80 S.W.2d 947 (Comm'n of App. 1935). The court in that case held the assignee could bring an action for usury because such was an action for debt and, as such, assignable. Article 5073, Tex.Rev.Civ.Stat. 1925, under which *Mahaney* was decided, is the predecessor of our current art. 5069–1.06. Article 5073 read that if a person received or collected more interest than legally allowable, then "the person paying the same or his legal representative may by

---

1. The significance of this finding becomes apparent under appellant's second point. The basic rule of law is that a cause of action for usury is personal to the obligor and not assignable.

an *action of debt* recover" the penalties provided therein. (Emphasis ours.)

Article 5073 was repealed by the legislature in 1967 and replaced with art. 5069–1.-06. The current version makes no reference to "action of debt," but instead mandates that the person who contracts for, charges or receives usurious interest "shall forfeit *to the obligor*" the prescribed penalty. Based on this statutory change, we do not find *Mahaney* controlling. We think it is clear that the legislature now intends for usury actions to remain personal to the debtors.

Appellant's second point is overruled. Having so ruled, we need not consider appellant's third point asserting that Crawford violated the usury statutes.

Finding no error, judgment of the trial court is affirmed.

