**William E. BAIRD, Relator,**

v.

**Frances A. HARRIS, Judge of the 302nd Judicial District Court, Respondent.**

No. 05–89–00877–CV.

Court of Appeals of Texas, Dallas.

Sept. 13, 1989.

Barry D. Clar, Huntsville, for relator.

Michael J. Watts, Dallas, for respondent.

Before STEWART, BAKER and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

William E. Baird seeks a writ of mandamus to compel Judge Frances A. Harris to appoint an attorney ad litem in a suit in which his wife seeks to terminate his parental rights to their child. We deny the requested relief.

Baird's wife served him with a petition seeking divorce and termination of the parent-child relationship between Baird and his child. Baird, an inmate in the Texas Department of Corrections, filed an answer and a request for appointment of an attorney ad litem under section 11.10(d) of the Texas Family Code. Baird stated that he did not have sufficient funds to hire an attorney and that he was an "indigent parent" within the meaning of section 11.10(d).

Baird also filed a pauper's affidavit stating that he had no assets. Judge Harris denied Baird's request. Baird now seeks a writ of mandamus from this Court to compel Judge Harris to appoint an attorney ad litem to represent him.

The primary issue in this case is whether section 11.10(d) of the Texas Family Code imposes a clear, mandatory duty to appoint an attorney ad litem to represent an indigent parent in a suit brought by a private individual. Section 11.10(d) provides:

> In any suit brought by a governmental entity seeking a termination of the parent-child relationship or to be named conservator of a child, the court shall appoint an attorney ad litem to represent the interests of the child as soon as practicable to insure adequate representation of the child's interest. In any suit in which termination of the parent-child relationship is sought, the court shall appoint an attorney ad litem to represent the interests of each indigent parent of the child who responds in opposition to the termination. If both parents of the child are indigent and oppose termination and the court finds that the interests of the parents are not in conflict, the court may appoint a single attorney ad litem to represent the interests of both parents.

TEX.FAM.CODE ANN. § 11.10(d) (Vernon 1986) (emphasis added).

Baird contends that the clear language of the second (underlined) sentence of section 11.10(d) imposes a mandatory duty on the trial court to appoint an attorney ad litem to represent an indigent parent *in any suit* in which termination of the parent child relationship is sought. Judge Harris, on the other hand, argues that the phrase which begins the first sentence, "In any suit brought by a governmental entity," limits an indigent parent's right to an attorney ad litem to suits brought by governmental entities.

We agree that, considered alone, the second sentence of section 11.10(d) clearly imposes a mandatory duty on the trial court to appoint an attorney ad litem to represent an indigent parent *in any suit* seeking termination of parental rights. When this sentence is considered within the context of section 11.10 as a whole, however, the trial court's duty to appoint an attorney ad litem in termination suits brought by private individuals is less clear. Further, the parties have cited no authority, and we have found none, interpreting section 11.10(d) to require appointment of an attorney ad litem to represent an indigent parent in suits brought by private individuals.

Mandamus is available only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, an act is ministerial and subject to mandamus. *See State Bar of Texas v. Heard,* 603 S.W.2d 829, 832 (Tex.1980). However, the duty to act must have already been imposed by a plain, unambiguous, and positive statute and be imperatively required. *See Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). Mandamus will never issue to enforce a doubtful right or where the regular duty is not clear and certain. *See Heaton v. Bristol,* 317 S.W.2d 86, 97 (Tex.App.—Waco 1958, writ ref'd), *cert. denied* and *appeal dism'd,* 359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765 (1959).

The purpose of mandamus is to execute, not adjudicate. Mandamus does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit. *See Wortham,* 128 S.W.2d at 1151. We cannot say that section 11.10(d) unambiguously imposes a clear and certain duty to appoint an attorney ad litem in suits brought by private individuals. By reaching this conclusion, we do not hold that a parent's right to an attorney ad litem under section 11.10(d) is limited to suits brought by governmental entities. We hold only that neither the

language of section 11.10(d) nor the case law interpreting it unambiguously requires a trial court to appoint an attorney ad litem in termination suits brought by private individuals. Since the law is unsettled, mandamus will not issue. *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding).

Baird also contends that he is entitled to appointment of an attorney ad litem on constitutional grounds. He relies on *In re G.M.,* 596 S.W.2d 846 (Tex.1980), in support of this contention. In *G.M.,* the Texas Supreme Court recognized that a suit seeking an involuntary termination of parental rights involved fundamental constitutional rights. *In re G.M.,* 596 S.W.2d at 846. However, *G.M.* did not consider whether a parent facing such a suit was entitled to court appointed counsel.

The United States Supreme Court considered this issue in *Lassiter v. Department of Social Services,* 452 U.S. 18,. 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). In *Lassiter,* the Court recognized that due process protections extend to state action to terminate the parent-child relationship. *Lassiter,* 452 U.S. at 27, 101 S.Ct. at 2159–2160. The Court concluded, however, that the issue of whether due process requires appointment of an attorney to represent indigent parents in termination proceedings is best determined on a case-by-case basis. *Lassiter,* 452 U.S. at 32, 101 S.Ct. at 2162.

The Court stated that the determination of whether a parent is entitled to appointment of an attorney is to be made by balancing three factors against a presumption that there is no right to appointed counsel in cases which do not threaten at least a potential deprivation of physical liberty. These three factors are: 1) the private interests at stake, 2) the government's interest, and 3) the risk that the procedures used will lead to erroneous decisions. *Lassiter,* 452 U.S. at 26–27, 101 S.Ct. at 2159–2160.

Baird contends that Judge Harris clearly abused her discretion in refusing to appoint an attorney ad litem to represent him. A relator who attacks a trial court ruling as an abuse of discretion must establish that, under the circumstances, the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 197 (Tex.1985). Even if we were to assume that any constitutional right to counsel extends to a termination suit brought by a private individual, the record in this case provides little or no information concerning the factors set out in *Lassiter.* Consequently, the record provides no basis to conclude that the trial court's refusal to appoint an attorney ad litem represents an abuse of discretion.

We deny the application for a writ.