**Kelvin ODOMS, Appellant,**

**v.**

**Leroy BATTS, et ux., Appellees.**

**No. 04–89–00478–CV.**

Court of Appeals of Texas,
San Antonio.

June 29, 1990.

Charlotte K. Lang, Staff Counsel for Inmates, Dept. of Crim. Justice, Huntsville, for appellant.

Robert J. Reeves, San Antonio, for appellees.

Before CHAPA, PEEPLES and BISSETT, JJ.

## OPINION

BISSETT, Justice.[1]

This is an appeal by Kelvin Odoms, respondent in the trial court ("appellant") from a judgment which terminated his parental rights with Kelvin Lavoy Smith, his minor natural child, and also granted the petitioners', Leroy Batts and wife, Hattie Batts, petition to adopt said child. We reverse and remand.

Leroy Batts and wife, Hattie Batts, ("appellees"), filed their petition on April 7, 1989, to terminate the parent-child relationship between William Guidry and his natural child Dashon Dionico Batts, who was born on April 5, 1975, and to adopt the child. Appellees, in the same petition, also asked that the parent-child relationship between Kelvin Odoms, appellant herein, and his natural child Kelvin Lavoy Smith, who was born on August 13, 1985, be terminated, and that they be permitted to adopt said child. The natural mother of both children

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

died on November 24, 1987. Appellees are the maternal grandparents of the children.

Appellant, who was, at all times pertinent to this case, an inmate of the Texas Department of Corrections at its facility in Anderson County, Texas, filed his "Original Answer and Request for Appointment of an Attorney Ad Litem" on June 20, 1989, wherein he 1) denied generally the allegations contained in appellees' Original Petition; 2) represented that he "did not own sufficient funds or assets to hire an attorney" to represent his interests "in this lawsuit," and, that he is an "indigent parent within the meaning of Texas Family Code § 11.10(d)"; and 3) requested the trial court to appoint an attorney ad litem to represent him "and his interests in this lawsuit." Also, appellant filed a "Declaration of Inability to Pay Costs" on the same day, June 20, 1989, wherein it was stated that he currently had $0.03 credited to him in the "Inmates Trust Fund," and that "I neither own nor have any interest in any realty, stocks, bonds, or bank accounts and I received no interest or dividend income from any source." The statements made in such "declaration" were declared "under penalty of perjury" to be "true and correct." No one filed a contest to the issue of "indigency." The case was tried to the court on August 4, 1989. Neither appellant nor the respondent William Guidry appeared at the trial. The transcript does not show that appellant was notified that the case would be tried on August 4, 1989, and is completely devoid of notice to him of a trial setting at any time. An attorney ad litem was *not* appointed to represent appellant and his interest. The judgment, signed on August 5, 1989, recites, in part:

The making of a record of testimony was waived by the parties with the consent of Court.

Appellant filed a "Request for Findings of Fact and Conclusions of Law" on August 4, 1989. Such request was called to the trial court's attention on "August ___, 1989." The trial court did not file findings of fact or conclusions of law.

The Staff Attorney for the Northern Office of the Department of Corrections, by letter dated August 10, 1989, asked that a complete statement of facts be prepared. A statement of facts was not filed in this Court, and the record consists of only the transcript.

Appellant, in a single point of error, contends:

The trial court erred in failing to appoint counsel to represent appellant in a parent/child termination case, as required by Section 11.10(d) of the Texas Family Code.

We agree.

The respondent William Guidry has not appealed the judgment which terminated the parent-child relationship between him and his child, and which further decreed that the petitioners (appellees) adopt "the children." We therefore affirm the portion of the decree that terminates Guidry's parental rights to Dashon Batts and grants appellees' petition to adopt Dashon.

The issue in this case is whether TEX. FAM.CODE ANN. § 11.10(d) (Vernon 1986) imposes a clear, mandatory duty to appoint an attorney ad litem to represent an indigent parent in a termination suit brought by a private individual. That Section of the Code provides:

In any suit brought by a governmental entity seeking a termination of the parent-child relationship or to be named conservator of a child, the court shall appoint an attorney ad litem to represent the interests of the child as soon as practicable to insure adequate representation of the child's interest. In any suit in which termination of the parent-child relationship is sought, the court shall appoint an attorney ad litem to represent the interest of each indigent parent of the child who responds in opposition to the termination. If both parents of the child are indigent and oppose termination and the court finds that the interests of the parents are not in conflict, the court may appoint a single attorney ad litem to represent the interests of both parents.

Neither the appellees nor their attorney have filed a brief in this case. Appellant has not cited a case that is squarely in point, but his attorney, during oral argu-

ment, invited our attention to the case of *Baird v. Harris*, 778 S.W.2d 147 (Tex.App.—Dallas 1989, no writ). The fact situation in *Baird* is almost identical to the case at bar. The only difference is that the issue to be decided in *Baird* was whether mandamus would lie to compel the trial court to appoint an attorney ad litem to represent an indigent parent (who was then incarcerated in prison) in a suit brought against him by a private individual to terminate the parent-child relationship. The Court of Appeals denied the application for the issuance of a writ of mandamus. Apparently such denial was based on the theory that TEX.FAM.CODE ANN. § 11.10(d), when considered as a whole, was not clear as to whether the second sentence therein imposed a mandatory duty on the trial court to appoint an attorney ad litem in a suit to terminate the parental rights of an indigent *parent*, where the suit was brought be a private individual. However, the Court did state that the second sentence of the statute, when "considered alone," clearly imposes a mandatory duty on the trial court to appoint an attorney ad litem *"in any suit"* seeking termination of parental rights. The Court further stated:

> The purpose of mandamus is to execute, not adjudicate. Mandamus does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit. *See Wortham [v. Walker]*, 128 S.W.2d at 1151 [133 Tex. 255, 128 S.W.2d 1138, 1151 (1939)]. We cannot say that section 11.10(d) unambiguously imposes a clear and certain duty to appoint an attorney ad litem in suits brought by private individuals. By reaching this conclusion, we do not hold that a parent's right to an attorney ad litem under section 11.10(d) is limited to suits brought by governmental entities. We hold only that neither the language of section 11.10(d) nor the case law interpreting it unambiguously requires a trial court to appoint an attorney ad litem in termination suits brought by private individu-

als. Since the law is unsettled, namdamus will not issue....

*Baird v. Harris*, 778 S.W.2d at 147.

The issue presented in the instant case is different from the issue presented in *Baird*. Here, the issue is not mandamus, but whether the second sentence of § 11.10(d) imposes a mandatory duty on the trial court to appoint an attorney ad litem to represent an indigent parent in a suit brought against him by a private individual to terminate his parental rights with his natural child.

The second sentence in § 11.10(d) is clear and unambiguous. It is mandatory, not permissive. The first sentence of the statute deals exclusively where the suit is brought by a "governmental agency" seeking the termination of the parent-child relationship; there, the trial court is mandatorily required to appoint an attorney ad litem to represent the interest of the *child;* this is so in all such cases. The second sentence deals exclusively where a suit is brought by anyone to terminate the parental rights of an indigent parent; there, the trial court is mandatorily required to appoint an attorney ad litem to represent the interest of the *indigent parent.* The third sentence of the statute deals with an entirely different situation and has no bearing on the fact situation envisaged by the second sentence. Each of the three sentences provide for the appointment of an attorney ad litem in three separate and distinct situations. There is no need to consider the context of the statute as a whole. There is no question but the Legislature intended that it was mandatory that an attorney ad litem be appointed in each of the fact situations presented by the three sentences contained in Section 11.-10(d) of the Family Code.

 It is settled law in this State that every word in a statute is presumed to have been used for a purpose; and it is a cardinal rule of statutory construction that each word is to be given effect if reasonable and possible. *Perkins v. State*, 367 S.W.2d 140, 146 (Tex.1963). The word "shall," as used in the statute, makes the duty "mandatory."

It has also been held that the duty of the trial court to appoint a *guardian ad litem* in a proceeding brought under provisions of Section 11.10(a) of the Family Code is mandatory. *See Barfield v. White*, 647 S.W.2d 407 (Tex.App.—Austin 1983, no writ) and *Arnold v. Caillier*, 628 S.W.2d 468 (Tex.App.—Beaumont 1981, no writ). While the aforesaid cases are not directly in point, they are persuasive.

■■■ The natural rights existing between a parent and his (her) natural child are of constitutional dimensions, and involuntary termination of parental rights statutes must be strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985); *Cawley v. Allums*, 518 S.W.2d 790, 792 (Tex.1975). The rights of biological fathers of illegitimate children are protected by the Texas Equal Rights Amendments, TEX. CONST. art. I, § 3a; *In the Interest of McLean*, 725 S.W.2d 696 (Tex.1987).

■■■ We hold that the trial court was required to appoint an attorney ad litem to represent appellant in this case, and the failure to do so constitutes reversible error. Appellant's point of error is sustained.

As already noted, the trial court, in addition to terminating the parent-child rela-

tionship between appellant and his natural child, also granted appellees' petition to adopt the child and to change his name to Kelvin Lavoy Batts. Since the termination proceedings are invalid, the judgment insofar as it decreed that appellees adopt the child Kelvin Lavoy Smith and to change his name to Kelvin Lavoy Batts must be reversed.

The judgment of the trial court insofar as it terminated the parent-child relationship between William Guidry and his natural child, Dashon Dionico Batts, and decreed that the appellees adopt him is affirmed. However, that portion of the judgment of the trial court which terminated the parent-child relationship between appellant and his natural child, Kelvin Lavoy Smith, and decreed that appellees adopt the child and that his name be changed to Kelvin Lavoy Batts, is reversed and the cause is remanded to the trial court for a new trial which will be consistent with this opinion.