TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00282-CV







Linda Cowan, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 13,990, HONORABLE CLAYTON EVANS, JUDGE PRESIDING







PER CURIAM



 Appellant Linda Cowan has perfected an appeal from the order of the Burnet
County district court terminating the parent-child relationship between her and her three children. 
Because the trial court did not appoint counsel for Cowan, we will reverse the decree of
termination.

 By her first point of error, Cowan asserts that the trial court erred in refusing to
appoint counsel to represent her pursuant to section 11.10(d) of the Family Code. That section
provides, "In any suit in which termination of the parent-child relationship is sought, the court
shall appoint an attorney ad litem to represent the interests of each indigent parent of the child
who responds in opposition to the termination." Tex. Fam. Code Ann. § 11.10(d) (West 1986)
(emphasis added). If a parent is indigent, the trial court must appoint an attorney ad litem to
represent the parent. Odoms v. Batts, 791 S.W.2d 677, 679-80 (Tex. App.--San Antonio 1990,
no writ); Baird v. Harris, 778 S.W.2d 147, 148 (Tex. App.--Dallas 1989, orig. proceeding). The
statute does not provide any specific procedure for obtaining counsel under section 11.10. Ybarra
v. Texas Dep't of Human Servs., 869 S.W.2d 574, 580 (Tex. App.--Corpus Christi 1993, no writ).

 At the September 13, 1991, hearing, Cowan stated to the trial court that she had
applied for the appointment of an attorney ad litem. The trial court signed an order denying the
application on October 15, 1991, apparently on the basis that appellee Texas Department of
Protective and Regulatory Services ("TDPRS") was not then seeking termination of Cowan's
parental rights. TDPRS filed its first amended petition seeking termination in October 1993. At
the beginning of the hearing on January 3, 1994, Cowan stated that she had filed a second
application for an attorney ad litem. The trial court refused to appoint an attorney ad litem and
proceeded with the termination hearing. However, the trial court did appoint an attorney ad litem
for an appeal of the decree.

 In its brief filed in this Court, TDPRS agrees that the trial court had a mandatory
duty to appoint an attorney ad litem to represent Cowan in the termination proceeding and asks
that the proceeding be remanded to the trial court. Accordingly, we sustain Cowan's first point
of error. Because the termination proceeding was invalid, we do not address Cowan's remaining
points. See Odoms, 791 S.W.2d at 680.

 The portion of the decree of termination that terminates the parent-child relationship
between Linda Cowan and her three children and that appoints appellee Texas Department of
Protective and Regulatory Services as managing conservator of the three children is reversed and
that portion of the cause is remanded to the trial court for further proceedings.  The remainder
of the judgment is affirmed. (1)



Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded in Part; Affirmed in Part

Filed: March 1, 1995

Do Not Publish


 

1. [1] The decree also terminates the parent-child relationship between the children and their
fathers based on their affidavits of relinquishment. This Court's reversal of the decree as to
Cowan does not affect the decree as to the children's fathers. See Odoms v. Batts, 791 S.W.2d
677, 680 (Tex. App.--San Antonio 1990, no writ).