NUMBER 13-98-504-CV 



COURT OF APPEALS 


THIRTEENTH DISTRICT OF TEXAS 


CORPUS CHRISTI 

___________________________________________________________________ 



IN THE INTEREST OF S. M. B., 

K. J. H., JR., K. N. H., AND D. A. H., MINOR CHILDREN 

___________________________________________________________________ 



On appeal from the 24th District Court 

of Victoria County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 

Opinion by Justice Dorsey 



Tamara Harpin appeals from an order dated August 4, 1998, terminating her parent-child
relationships with her four children. After a full evidentiary hearing where Harpin was
represented by counsel, the court found by clear and convincing evidence that termination
was in the best interests of the children and appointed the Texas Department of Protective
and Regulatory Services permanent managing conservator of the children. The court found by
clear and convincing evidence that Harpin had: 

(1) knowingly placed or knowingly allowed the children to remain in conditions or
surroundings that endangered the physical or emotional well-being of the children; 



(2) engaged in conduct or knowingly placed the children with persons who engaged in
conduct that endangered the physical or emotional well-being of the children; and 



(3) failed to support the children in accordance with her ability during a period of
one year ending within six months of the date of the filing of the petition. 



Harpin contends that she was deprived of her right to counsel as required by Texas
Family Code section 107.013 because she was not provided with an attorney in 1994,
immediately after the original petition to terminate her parental rights was filed, and
that the resulting termination was directly caused by her lack of counsel during that time
period. We disagree. 

Section 107.013(a) of the Texas Family Code requires the court to appoint an attorney
ad litem to represent the interests of an indigent parent who responds in opposition to a
suit seeking termination of his or her parent-child relationship. Tex. Fam. Code Ann.
107.013(a) (Vernon Supp. 2000). The statute is silent as to when appointment must occur. Id.;
compare Tex. Fam. Code Ann. 107.001(b) (Vernon Supp. 2000) (requiring appointment
of guardian ad litem for the child in a termination proceeding "immediately after the
filing of the petition but before the full adversary hearing"). While several courts
have confirmed the mandatory nature of the statute, none has taken up the question of when
appointment of counsel must occur. See e.g. In re T.R.R., 986 S.W.2d 31, 37 (Tex.
App.--Corpus Christi 1998, no pet.); Interest of B.R., 950 S.W.2d 113, 115-16
(Tex. App.--El Paso 1997, no writ); Ybarra v. Texas Dept. of Human Svcs., 869
S.W.2d 574, 580 (Tex. App.--Corpus Christi 1993, no writ); Odom v. Batts, 791
S.W.2d 677 (Tex. App.--San Antonio 1990, no writ). The courts that have addressed this
issue have viewed it more in terms of whether the party was provided reasonable access to
counsel. See Interest of B.R., 950 S.W.2d at 115-16 (holding that record was
devoid of evidence that party was denied reasonable access to counsel where attorney had
been appointed for inmate over three years prior to time of trial but where inmate
contends that he only conferred with attorney in person for 1 hours immediately preceding
the trial); cf. Ybarra, 869 S.W.2d at 580 (holding that trial court did
not err in failing to appoint counsel where party did not request appointed counsel and
was represented by retained counsel at trial). 

Harpin was provided with court-appointed counsel over two years prior to her trial. She
did not request appointment of counsel prior to that time. The trial court's actions did
not violate the letter of Texas Family Code section 107.013. We decline to extend the
statute by judicially engrafting a time requirement that does not exist, especially in
light of the fact that the statute directing appointment of counsel for the children
involved in termination proceedings does contain a time requirement. 

Likewise, we do not find that the trial court's actions ran afoul of the Constitution.
The seminal case in this area of the law is Lassiter v. Dept. of Social Srvcs. of
Durham Co., 452 U.S. 18, 101 S. Ct. 2153, 68 L.Ed.2d 640 (1981). In Lassiter,
the United States Supreme Court took up the question of whether due process requires that
an indigent parent be represented by court-appointed counsel when faced with a suit for
involuntary termination of their parental rights. Id. The court concluded that no
absolute right to counsel exists, but that under certain circumstances, fundamental
fairness may require the appointment of counsel in a termination proceeding. Id.
at 31-32. While the court noted that a "parent's interest in the accuracy and
injustice of the decision to terminate his or her parental status is, . . . a commanding
one," this interest must be balanced against the presumption that there is no right
to appointed counsel in the absence of at least a potential deprivation of physical
liberty. Id. at 28, 32. The court found that the trial did not violate
fundamental fairness, noting that the petition for termination did not contain an
allegation upon which criminal charges could be based, the presence of counsel could not
have made a significant difference in the effect of the evidence that neither the mother
nor the grandmother was interested in the well-being of the child, and that the mother had
not bothered to appear for a previous custody hearing. Ultimately, the court said,
"the decision whether due process calls for the appointment of counsel for indigent
parents in termination proceedings [is] to be answered in the first instance by the trial
court, subject of course, to appellate review." Id. at 33. 

To be certain, this Court is mindful of the immense gravity of a termination
proceeding. As we have stated before, 

The relationship between parent and child is perhaps the strongest bond between people
in nature and the keystone of society. The transmission of cultural values, social status,
and title to land has historically been dependent on one being the child of another. The
parent-child relationship is recognized and protected by law to such a degree it is of
federal constitutional dimensions. . . . 



The termination of parental rights is final and ends all legal ties between the parent
and child, except the child's right of inheritance. . . It is of greater significance than
a denial of custody or managing conservatorship to a parent, because the parties become
legal strangers to one another, with neither having a right to visit or see the other. 



Because the termination of the parent-child relationship severs rights treasured by the
law, strict standards apply; evidence to meet those standards must be clear and
convincing. . . . The constitutional dimensions of the relationship require that statutes
permitting termination be strictly construed in favor of the parent, and that any effort
by the State to terminate it be strictly scrutinized. . . . 



Ybarra, 574 S.W.2d at 576 (internal citations omitted). Still, we do not
believe that either the family code or the Constitution requires that court-appointed
representation be provided to an indigent parent immediately upon the filing of a petition
for termination of parental rights when the parent does not request counsel at that time,
makes minimal attempts for several years prior to the termination to repair the problems
that existed so that reunification of the family might be possible, and the parent does,
in fact, receive adequate representation over two years prior to and during the actual
adversarial hearing regarding termination. 

The decision of the trial court is AFFIRMED. 



J. BONNER DORSEY, 

Justice 

Do not publish. 

Tex. R. App. P. 47.3(b). 

Opinion delivered and filed 

this 31st day of March, 2000.