NUMBER 13-99-593-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROLAND FUENTES
, Appellant,


v.



ELIZABETH MENDOZA FUENTES, Appellee.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez


 On May 13, 1999 Elizabeth Mendoza Fuentes was granted a
divorce from appellant Roland Fuentes. In the same proceeding
appellant's parental rights to his two daughters were terminated and
appellant's parents' visitation rights (as grandparents) to his two
daughters were also terminated. Neither the grandparents nor their
attorney appeared at the trial, and they are not parties to this appeal. 
Roland Fuentes is currently incarcerated for the offense of rape, and
was not present at the hearing because he was incarcerated for the
rape offense at that time. By three points of error in a pro se appeal
Appellant claims that he was not appointed an attorney ad litem and did
not receive proper notice of the May 13th hearing. We reverse the trial
court's decision regarding the termination of Rolando Fuentes's parental
rights, and remand this issue to the trial court for a new trial.

 In his first point of error appellant argues that his due process
rights under the Texas and United States Constitutions were violated
when the trial court did not appoint an attorney ad litem to represent
him in a parent/child termination case. "In a suit in which termination
of the parent-child relationship is requested, the court shall appoint an
attorney ad litem to represent the interests of . . . an indigent parent of
the child who responds in opposition to the termination[.]" Tex. Fam.
Code Ann. § 107.013 (a)(1) (Vernon Supp. 2000). Appellant claims that
although he provided the court with proof of indigence and that he
responded in opposition to the termination, he was denied
representation.

 On December 28, 1998, Elizabeth Mendoza Fuentes filed a petition
for divorce and the termination of appellant's parental rights. On
December 30, 1998, appellant was served. On January 11, 1999,
appellant filed an affidavit that explained that he was incarcerated, but
wished to attend the parental termination hearing. The rules of
appellate procedure instruct that:

If a contest is filed, the party who filed the affidavit of
indigence must prove the affidavit's allegations. If the
indigent party is incarcerated at the time the hearing on a
contest is held, the affidavit must be considered as evidence
and is sufficient to meet the indigent party's burden to
present evidence without the indigent party's attending the
hearing.


Tex. R. App. P. 20.1(g). Appellant's January 11th affidavit gave the trial
court notice of his indigence because it states that he is incarcerated. 


 Additionally, the trial court had constructive notice of appellant's
incarceration. In appellant's ex-wife's petition for divorce and for
termination of his parental rights, the grounds she pleaded included
appellant's imprisonment. On February 4, 1999, the trial judge signed
a temporary order granting appellant's ex-wife sole managing
conservatorship based on her motion for that purpose, also dated
January 11, 1999. The order states, "Respondent is currently
incarcerated for engaging in criminal conduct that results in his
imprisonment; therefore is unable to have access and/or possession of
the children." At trial on May 13, 1999, appellant's ex-wife stated that
he was incarcerated, and the court itself stated, "The order I'm
concerned with at this point -- and I can see why -- of course, nobody
has answered, except the father has answered, and he is denying
everything, and he is locked up in prison."

 The trial court's constructive and actual notice of appellant's
incarceration was prima facie evidence of indigence. Therefore, the trial
court erred when it did not appoint appellant an attorney ad litem as
required by the Texas Family Code. Tex. Fam. Code Ann. § 107.013
(a)(1) (Vernon Supp. 2000). We need not look at the remaining
arguments. Tex. R. App. P. 47.1 (West 2000). The proper remedy for
the failure to appoint a guardian ad litem to a defendant who is
incarcerated is a new trial. Odoms v. Batts, 791 S.W.2d 677, 680 (Tex.
App.--San Antonio 1990, no writ). The trial court's parental termination
ruling is reversed and remanded for a new trial consistent with this
opinion.

 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 29th day of June, 2000.