2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN THE INTEREST OF


T.C.B. AND T.M.B.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00515-CV



Appeal from the


109th District Court


of Andrews County, Texas 


(TC# 15,889)



MEMORANDUM OPINION


 Appellant Eddie Lynn Baugh, Jr., appeals the order terminating his parental rights
to his two children T.C.B. and T.M.B. Finding that Baugh was denied the fundamental
right to counsel, we reverse.

Facts

 The mother of the children filed a petition to terminate the parent-child
relationship between T.C.B. and T.M.B. and their biological father Eddie Lynn Baugh,
Jr., on January 7, 2002. Among the grounds in the petition are that Baugh voluntarily left
the children alone or in the possession of another without providing adequate support for
at least six months, failed to support the children in accordance with his ability, and
"executed or will execute an unrevoked or irrevocable affidavit of relinquishment of
parental rights as provided for by chapter 161 of the Texas Family Code." No such
affidavit of relinquishment has been produced and Baugh challenged the termination in
his answer.

 In addition to filing his answer, Baugh moved to be present at the hearing and to
have an attorney appointed for purposes of the proceeding. The record before us reflects
that there was no hearing on these motions. Instead, a hearing on the termination was set
and held without Baugh's appearance, either in person or through counsel. The order of
termination issued on November 6, 2002, and stated that "Respondent, EDDIE LYNN
BAUGH, JR., . . . although duly and properly notified, did not appear and wholly made
default."

 On appeal Eddie Lynn Baugh, Jr., raises two issues. We need only consider the
second in our decision to reverse the judgment of the trial court and remand for further
proceedings.

Appointment of an Attorney ad Litem is Mandatory

 Appellant's second issue claims that he was denied assistance of counsel as
required by Texas Family Code section 107.013. The brief of the appellee concedes that
the court failed to appoint counsel, but argues that this was harmless error. We cannot
agree that an error that strikes so deeply to the heart of Baugh's rights of due process can
constitute harmless error.

 The Family Code guarantees appointment of an attorney ad litem to indigent
parents who oppose a petition to terminate their parental rights:

 § 107.013. Mandatory Appointment of Attorney ad Litem for Parent


 (a) In a suit in which termination of the parent-child relationship is
requested, the court shall appoint an attorney ad litem to represent
the interests of:


 (1) an indigent parent of the child who responds in opposition to
the termination. . . .


Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon 2002). The duty to provide an attorney
ad litem to an indigent parent who requests representation is clear and mandatory. Odoms
v. Batts, 791 S.W.2d 677, 679-80 (Tex. App.--San Antonio 1990, no writ) (discussing
section 11.10(d), the predecessor to section 107.013(a)). Baugh swore on an affidavit that
the extent of his wealth was limited to the $2.60 in his Inmate Trust Fund at Huntsville. 
He also denied the grounds for termination. This evidence establishes that he was a
proper candidate to be appointed an attorney ad litem in this case. This was not done, and
the termination proceeding was held without any input from the father whose rights were
being terminated. This is reversible error. In re T.R.R., 986 S.W.2d 31, 37 (Tex. App.--Corpus Christi 1998, no pet.); Odoms, 791 S.W.2d at 680.

 The brief for the appellee urges this Court to find that the error was harmless,
citing In re K.R., 63 S.W.3d 796 (Tex. 2001). There, Justice Hecht recognized that there
are few exceptions to the harmless error rule. Id. at 799. The appellant in In re K.R. was
appealing the fact that he was shackled during the jury trial on the termination of his
parental rights. Id. at 797. That was found to be harmless error. Id. at 800-01. This is
easily distinguishable from the current case in which Baugh was neither allowed an
attorney ad litem, which he was guaranteed by statute, nor a bench warrant to be present
at the hearing at which his parental rights were terminated. In the present case, the error
turned the proceeding into an ex parte action allowing Baugh no defense. We believe the
harm in such a circumstance is patent. We simply cannot find that denying an indigent
father any type of defense to the termination of his parental rights was harmless. We
sustain issue two.

Conclusion

 For the foregoing reasons, the judgment of the trial court is reversed and the matter
is remanded for further proceedings.


 SUSAN LARSEN, Justice

August 7, 2003


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.