Gene Olin Brice v. Lisa K. Denton and in the Interest of ARB and BJB children
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-392-CV

     GENE OLIN BRICE,
                                                                         Appellant
     v.

     LISA K. DENTON,
                                                                         Appellee

AND IN THE INTEREST
OF A.R.B. AND B.J.B., CHILDREN
 

From the 18th District Court
Johnson County, Texas
Trial Court # D200105744
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The issue in this case is whether an indigent parent who was proceeding pro se is denied
effective assistance of counsel when an attorney ad litem is a) appointed on the day of a final
hearing on the petition to terminate his parental rights, b) does not request a continuance, c)
does not communicate with her client, and d) proceeds to trial. We hold that he was denied
effective assistance of counsel.
 
BACKGROUND
      Lisa Denton filed suit to terminate the parental rights of Gene Brice, the biological father
of their two children. Brice is currently an inmate of the Texas Department of Criminal
Justice, Institutional Division. Brice filed a pro se answer opposing termination, along with a
“Declaration of inability to pay costs.” Eight days before the scheduled hearing, Denton sent
Brice a letter informing him of the setting of a “final hearing” on the case. Brice, in prison,
received this notice five days before the hearing and could not attend the hearing. The trial
court appointed an attorney ad litem for Brice on the day of the final hearing. Tex. Fam.
Code Ann. § 107.013(a)(1) (Vernon 2002). Without consulting with Brice, the appointed
attorney allowed the hearing to proceed. After hearing no evidence from Brice during the
hearing except a perfunctory cross-examination of Denton by Brice’s appointed attorney, the
trial court found by clear and convincing evidence that Brice engaged in criminal conduct that
resulted in his being “convicted or placed on community supervision” for violating section
22.021 of the Texas Penal Code. Id. § 161.001(1)(L)(viii) (Vernon 2002); Tex. Pen. Code
Ann. § 22.021 (Vernon Supp. 2004). Further, the trial court found that termination of Brice’s
parental rights was in the best interest of the children. Tex. Fam. Code Ann. § 161.001(2)
(Vernon 2002). The court signed an order terminating Brice’s parental rights. Id. § 161.206
(Vernon 2002). We granted an extension of time to file a notice of appeal, which Brice did.
      On appeal, Brice complains that the trial court erred by not appointing an attorney ad litem
before the day of the final hearing, thereby denying him effective assistance of counsel and
violating his right to due process (Issue one). Brice further contends that the attorney
appointed to represent him provided ineffective assistance of counsel during the hearing (Issue
four). In additional issues, Brice complains that the trial court erred by preventing him from
timely requesting a jury by appointing an attorney ad litem on the day of the final hearing, or,
alternatively, by proceeding to final hearing without giving Brice the required notice under
Rule of Civil Procedure 245, and by failing to rule on a request for a bench warrant to allow
Brice to attend the final hearing. We will reverse the trial court’s order and remand the cause
for further proceedings.
TERMINATION CASES—THE LEGAL STANDARD
      The termination of parental rights involves fundamental constitutional rights. In re A.V.,
57 S.W.3d 51, 56 (Tex. App.—Waco 2001), rev’d on other grounds, 113 S.W.3d 355 (Tex.
2002); In re B.L.D., 56 S.W.3d 203, 210 (Tex. App.—Waco 2001), rev’d on other grounds,
113 S.W.3d 340 (Tex. 2002); In re Verbois, 10 S.W.3d 825, 830 (Tex. App.—Waco 2001,
orig. proceeding). Given this significance, involuntary-termination statutes must be strictly
construed in favor of the parent. In re M.J.M.L., 31 S.W.3d 347, 350 (Tex. App.—San
Antonio 2000, pet. denied); Odoms v. Bates, 791 S.W.2d 677, 680 (Tex. App.—San Antonio
1990, no pet.). Section 107.013 of the Texas Family Code provides that “the court shall
appoint an attorney ad litem to represent the interests of . . . an indigent parent of the child
who responds in opposition to the termination.” Tex. Fam. Code Ann. § 107.013(a)(1). 
Texas courts have held that trial courts must appoint counsel for indigent parents in these cases
and failure to do so is error. In re M.J.M.L., 31 S.W.3d at 354; Odoms, 791 S.W.2d at 680. 
But, a precise requirement as to when counsel must be appointed in a termination proceeding
has not been discussed. See In re J.R.P., 55 S.W.3d 147, 150 (Tex. App.—Corpus Christi
2001, pet. denied); In re M.J.M.L., 31 S.W.3d at 354. Nor has a parent’s right to represent
himself been fully explored.
      The Texas Supreme Court has held that “the statutory right to counsel in parental-rights
termination cases embodies the right to effective counsel.” In re M.S., 115 S.W.3d 534, 544
(Tex. 2003). Thus, when the trial court decided to appoint counsel to represent Brice,
counsel’s obligation to provide effective assistance arose. See id.
      In analyzing the effectiveness of counsel in the context of a termination of parental rights,
we follow a two-pronged test that was set forth by the United States Supreme Court in
Strickland v. Washington, to determine whether an attorney’s representation was so inadequate
as to be in violation of the Sixth Amendment right to effective assistance of counsel. Id. at 545
(citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984)). In order to show
ineffectiveness of counsel in a termination-of-parental-rights case, the appellant must show that
counsel’s assistance fell below an objective standard of reasonableness and that counsel’s
deficient assistance, if any, prejudiced the defendant. Id. at 545 (citing Strickland, 466 U.S. at
687, 104 S.Ct. at 2064). We acknowledge that there is a “strong presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance.” Id. (quoting
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065).
INEFFECTIVE ASSISTANCE OF COUNSEL
      Brice’s fourth issue contends that the attorney appointed to represent him provided
ineffective assistance of counsel during the termination hearing. The trial court appointed
Brice’s attorney ad litem on the day of the final hearing. Nothing in the record suggests that
Brice’s appointed counsel requested a continuance from the trial court. The appointed attorney
had no opportunity to meet with or consult her client, who was in prison, and she apparently
requested none. The record further shows that counsel’s preparation for this hearing was to
review Brice’s “criminal history.” Her presentation of evidence filled one and a half pages of
the reporter’s record of the final hearing and consisted of a cross-examination of Denton. 
During this cross-examination Brice’s appointed counsel adduced evidence that Brice had been
“arrested for numerous things including harassment and stalking and several indecency [sic]
with a child and indecent exposure, DWI.” Applying the first prong of the effectiveness-of-counsel test, we conclude that counsel’s assistance in this case fell below an objective standard
of reasonableness.
      Next we must consider the question of whether counsel’s deficient assistance in this case
prejudiced Brice. For guidance we look again to Strickland, where the United States Supreme
Court made it clear that although the burden upon the appellant is high, a criminal defendant
“need not show that counsel’s deficient conduct more likely than not altered the outcome in the
case.” Strickland, 455 U.S. at 693, 104 S.Ct. at 2068. In fact, “in every case the court
should be concerned with whether, despite the strong presumption of reliability [of the trial’s
outcome], the result of the particular proceeding is unreliable because of a breakdown in the
adversarial process that our system counts on to produce just results.” Id. at 696, at 2069. In
this case there was just such a breakdown in the adversarial process. Counsel took no
opportunity to interview Brice, to request a writ of habeas corpus ad testificandum, to find and
interview potential witnesses, to investigate the conviction that was the basis for termination,
to request a jury, or to challenge the pleadings or the statute. Applying the second prong of
the test, we believe that Brice was prejudiced by his counsel’s deficient assistance. 
Accordingly, we hold that Brice was denied effective assistance of counsel. Issue four is
sustained.
OTHER ISSUES
      Because we reverse, we do not reach Brice’s additional issues, but we are confident that,
upon remand, the parties will be afforded the full protections due them under our Rules of
Civil Procedure.
CONCLUSION
      In sum, we hold that Brice was denied effective assistance of counsel. We therefore
reverse the judgment and remand the cause for further proceedings.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



(Chief Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed March 10, 2004

[CV06]