**Denied and Opinion Filed February 5, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00890-CV

### IN RE JOEL KELLEY INTERESTS, INC., Relator

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-05835**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, relator Joel Kelley Interests, Inc. (JKI) seeks a writ of mandamus directing the trial court to dismiss real party in interest's usury claim against JKI for lack of jurisdiction. After reviewing the petition, real party in interest's response, JKI's reply, and the mandamus record, we conclude relator has not shown it is entitled to the relief requested.

According to JKI, because the Texas Supreme Court "has clearly held" that the right to bring a usury claim "is not assignable," the trial court abused its discretion by denying JKI's motion to dismiss the assigned usury claim asserted against JKI in this case. JKI cites *Allee v. Benser*, 779 S.W.2d 61 (Tex. 1988), in which the supreme court concluded "a junior lienholder lacks standing to assert the penalty provisions of the usury statutes against the senior lienholder." That holding did not address whether usury claims are assignable. JKI also cites cases from our sister courts of appeals. *See Smart v. Crawford Bldg. Material Co.*, 638 S.W.2d 228, 230 (Tex.

App.—Tyler 1982, no writ) (concluding "cause of action for usury was not assignable" because Texas usury penalty provision "limits recovery for usury to the obligor"); *South E. Xpress, Inc. v. Bank of Crowley*, 612 S.W.2d 85, 88 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) (concluding "claim for usury was not assignable" because usury statute "limits recovery for usury to the obligor" and "being penal in nature is to be strictly construed"). Those cases are not binding on this court. JKI cites no cases directly on point from the supreme court or this court, and we have found none.

Entitlement to mandamus relief requires relator to show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Generally, "[m]andamus will not lie to establish as well as enforce a claim of uncertain merit." *Baird v. Harris*, 778 S.W.2d 147, 148 (Tex. App.—Dallas 1989, orig. proceeding). Here, "[s]ince the law is unsettled, mandamus will not issue." *Id.* at 149 (citing *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding) (concluding denial of plea in abatement was not clear abuse of discretion because Texas law was not settled)).

JKI has also failed to show it has no adequate remedy by appeal. The remaining claims here, breach of contract, "unjust enrichment," "money had and received," for an accounting, and conversion, appear to make up the substance of the dispute. Thus, the trial would not result in "money utterly wasted enduring eventual reversal of improperly conducted proceedings." *See In re Prudential*, 148 S.W.3d at 136. Unlike the *Essex* case JKI cites, where the questions related to all claims, making mandamus relief appropriate, JKI's mandamus action addresses one claim only, usury, a claim that does not appear to dominate the parties' dispute. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding). Having undertaken "practical and prudential"

evaluation of this case, we conclude JKI has failed to demonstrate it has no adequate remedy by appeal. *See In re Prudential*, 148 S.W.3d at 136–37.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190890F.P05