Diana **FLORES,**

v.

**The Honorable Paul BANNER, Judge.**

**No. 96–0916.**

Supreme Court of Texas.

Oct. 24, 1996.

Robert R. Wightman, Dallas, for appellant.

Domingo A. Garcia, Joseph R. Corteguera, Dallas, for appellee.

PER CURIAM.

The presiding judge of the First Administrative Judicial Region assigned Respondent, a former judge subject to the provisions of Section 74.053(d) of the Texas Government Code, to sit in the 101st District Court of Dallas County. Respondent overruled Diana Flores's timely filed objection to Respondent as a visiting judge. Flores seeks mandamus relief ordering Respondent to vacate his orders in the underlying case and to disqualify

himself from any further proceedings in the case. Because the Texas Government Code makes disqualification mandatory in this case, we conditionally grant the writ.

The underlying suit arises from an election contest between Flores and William Velesco for Dallas County Community College District Trustee. On September 13, 1996, the parties entered into a settlement agreement. The signed agreement was filed with the trial court on September 16, 1996. The next day, Flores filed a notice of repudiation. Velesco then filed a motion to enforce the settlement agreement. On the same day, Flores filed a motion to recuse Judge Webb Biard.

The region's presiding judge assigned Respondent to hear Flores's motion to recuse Judge Biard. Flores did not receive notice that a former judge would be assigned to hear her motion until about one hour and 18 minutes before the hearing. Nevertheless, Flores prepared and filed an objection to the assignment of "any former judge." She did not know who the assigned judge would be until Respondent appeared to hear the matter. After Flores presented her written objection to Respondent, he overruled it and then denied her motion to recuse Judge Biard. Judge Biard then considered Velasco's motion to enforce the settlement agreement and entered final judgment in the case based on the settlement agreement. Flores argues that Respondent abused his discretion by refusing to disqualify himself after she timely objected to Respondent hearing her motion to recuse Judge Biard. We agree with Flores.

When a party files a timely objection to an assigned judge under section 74.053 of the Texas Government Code, the assigned judge's disqualification is mandatory. *See* TEX. GOV'T CODE § 74.053 (a)-(c); *Starnes v. Chapman*, 793 S.W.2d 104, 107 (Tex.App.—Dallas 1990, orig. proceeding). The objection is timely if the party files it before the first hearing or trial over which

the assigned judge is to preside. *See Mercer v. Driver*, 923 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding); *Starnes*, 793 S.W.2d at 107.

Subsections 74.053(b) and (d)[1] allow a party to make one objection to an assigned judge, and unlimited objections to an assigned former judge who was not a retired judge. *See* TEX. GOV'T CODE § 74.053(b) and (d); *Garcia v. Employers Ins. of Wausau*, 856 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1993, writ denied). If the assigned judge overrules a timely section 74.053 objection, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *See Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 603 (Tex.App.—Dallas 1994, orig. proceeding); *Rubin v. Hoffman*, 843 S.W.2d 658, 659 (Tex.App.—Dallas 1992, orig. proceeding).

Velasco argues that Flores did not properly object to Respondent because her motion did not specifically identify the objectionable judge. In support of his argument, Velasco cites *Texas Employment Comm'n v. Alvarez*, 915 S.W.2d 161 (Tex.App.—Corpus Christi 1996, orig. proceeding). In *Alvarez*, the Texas Employment Commission (the TEC) filed an objection that did not specifically name the objectionable judge, visiting judge Robert F. Barnes. *Alvarez*, 915 S.W.2d at 163. Before its case was called, Judge Barnes announced that he would only hear two cases and that the TEC's case was not one of them. Thus, Judge Barnes never ruled on the TEC's objection. *Alvarez*, 915 S.W.2d at 163. In the meantime, Judge Barnes's assignment expired. Later, after the TEC's case was reset, Judge Barnes was reassigned to hear cases in the same court, including the TEC's case. This time, the TEC did not object to Judge Barnes. Judge Barnes granted a directed verdict in the TEC's favor and signed a take-nothing judgment against the Plaintiff, Maricela Galvan. *Alvarez*, 915 S.W.2d at 163. More than a

---

1. Subsection (b) provides:
   If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

   Subsection (d) provides:
   A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.
   TEX. GOV'T CODE § 74.053(b) and (d).

**502**

year later, Galvan sought sanctions against the TEC, presumably arguing that Judge Barnes' judgment was invalid or not final. The trial court granted sanctions of $5,000 against the TEC. *Alvarez,* 915 S.W.2d at 163. The TEC sought mandamus relief. The court of appeals granted the TEC mandamus relief and held that the TEC's original objection to Judge Barnes was ineffective when Judge Barnes was reassigned because the TEC's objection did not specifically name Judge Barnes and because the objection was never presented or ruled upon. *Alvarez,* 915 S.W.2d at 164.

Velasco misplaces his reliance on *Alvarez.* The facts here are far different from *Alvarez.* The record reflects that Flores timely filed her objection when, shortly before the hearing, she learned that a former judge would be assigned. She did not learn the identity of the assigned judge until Respondent took the bench. Flores then presented her motion to Respondent, and he overruled it. These facts show that Respondent had sufficient information to know that he was the subject of Flores's objection. Accordingly, we hold that Respondent abused his discretion when he refused to disqualify himself from the case and that Flores is entitled to mandamus relief. *See Amateur Athletic,* 893 S.W.2d at 603.

Therefore, we conditionally grant writ of mandamus and direct Respondent to disqualify himself from any further proceedings in this matter. *See* TEX.R.APP. P. 122. Any orders Respondent issued in the case are void. We lift the Court's previous stay order. We instruct the clerk to issue writ of mandamus only if Respondent does not follow our direction.