1. On November 22, 1996, this court notified the parties that Matlock's objection to former Chief Justice John G. Hill was overruled as moot.

2. Justice Hill was defeated in his race for reelection as chief justice of the Second Court of Ap-

**Karryn MATLOCK, Appellant,**

v.

**John McCORMICK and Tina Wheeldon, Appellees.**

No. 04–96–00052–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 11, 1996.

Daniel R. Rutherford, The Law Offices of Daniel R. Rutherford, Alex Katzman, The Law Offices of Katzman & Katzman, San Antonio, for appellant.

Lynn C. Hensley, Kirby C. King, Hensley & King, P.C., Round Rock, Robert E. Golden, Robert E. Golden, P.C., Susan Stone, Robert D. Kilgore, Foster, Heller & Kilgore, P.C., San Antonio, for appellees.

DUNCAN, Justice, concurring.[1]

By order of the Supreme Court of Texas, former Chief Justice John G. Hill was assigned to this case pursuant to section 75.003 of the Texas Government Code.[2] Shortly after being notified of Justice Hill's assignment, and before oral argument, Matlock objected to Justice Hill's participation in the case pursuant to section 74.053(b) of the Texas Government Code. Thereafter, Justice Hill recused himself, and Matlock's objection was overruled as moot.

Section 74.053, entitled "Objection to Assigned Judge," provides:

(a) When a judge is assigned *under this chapter* the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

peals. *See* TEXAS JUDICIAL COUNCIL AND OFFICE OF COURT ADMINISTRATION, TEXAS JUDICIAL SYSTEM ANNUAL REPORT FOR FISCAL YEAR 1995, at 114 n.2 (1995).

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp.1996) (emphasis added). If a timely objection is filed pursuant to section 74.053, disqualification is mandatory. *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996) (orig.proceeding). An objection is timely if it is filed before the first hearing or trial over which the assigned judge is to preside. *Id.*

To date no published opinion has discussed whether a section 74.053(b) objection is available in the appellate courts when a retired judge is assigned pursuant to chapter 74 or when a former judge is assigned pursuant to chapter 75. *But see* Act of June 16, 1991, 72nd Leg., R.S., ch. 785 § 9, Tex. Gen. Laws 2783 (subsection (d) of section 74.053, which was added in 1991, applies "to the assignment of a judge or justice under Chapter 74 or 75, Government Code. . . ."). However, in light of Justice Hill's voluntary recusal, we do not have occasion to decide either of these issues in this case. *Cf., e.g., Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227 (Tex.1993) (mootness). Nevertheless, these issues occur with sufficient frequency and are of sufficient importance to warrant discussion in published opinions. I therefore issue this opinion in an attempt to begin this much-needed discussion.