Steven R. DUNN, Relator,

v.

**The Honorable John STREET, Judge, Respondent.**

No. 96–0917.

Supreme Court of Texas.

Jan. 31, 1997.

Penny L. Raney, Dallas, for Respondent.

### PER CURIAM.

Steven R. Dunn, the plaintiff's attorney in the underlying action, filed a timely objection to Respondent, a visiting judge assigned to preside over the case. Respondent sustained the objection, but then proceeded to sign an order requiring Dunn to appear at a later date to show cause why he should not be held in contempt for failing to appear in court on the day the underlying action was set for trial. Dunn seeks mandamus relief ordering Respondent to vacate the show cause order. Because Respondent did not have jurisdiction to make this order after Dunn's timely objection, and because mandamus is the appropriate remedy to rectify Respondent's abuse of discretion, we conditionally grant the writ.

Dunn represented the plaintiff in a lawsuit that was pending in the 266th Judicial District in Erath County. On August 16, 1996, Respondent was assigned to preside over the trial of the case, which was set to begin on Monday, September 9, 1996.[1] During the week of September 2, the parties settled the case. On Friday, September 6, Dunn informed the court administrator of the settlement. Later that day, the court administrator called Dunn back, but Dunn was not available. The court administrator left a message with Dunn's secretary that Dunn was required to present documentation of the settlement by that afternoon or the case would be tried on September 9.[2] After receiving the court administrator's message from his secretary on the afternoon of September 6, Dunn filed an Objection to Visiting Judge under section 74.053 of the Texas Government Code that same day.

On September 9, 1996, Respondent took the bench. Although the attorneys representing the defendants were present, Dunn was not. Respondent first acknowledged that Dunn's objection to Respondent's participation in the case had been timely filed; accordingly, Respondent signed an order sus-taining the objection. Despite sustaining the objection, Respondent then signed the order requiring Dunn to appear to show cause why he should not be held in contempt. Dunn filed this original proceeding to challenge Respondent's show cause order.

Dunn argues that he timely filed an objection to Respondent as a visiting judge, and therefore, Respondent was disqualified as a matter of law under section 74.053(c) of the Texas Government Code. Moreover, because any judgment or order that Respondent signed after his disqualification was a nullity, Dunn urges that he is entitled to mandamus relief without showing that he did not have an adequate remedy at law. Respondent argues that the show cause order was appropriate because Dunn violated the order, transmitted through the court administrator, to appear in court on Monday, September 9, 1996. Respondent further asserts that mandamus is not the appropriate remedy because Dunn has an adequate alternate remedy of habeas corpus if he is incarcerated. Under the circumstances of the present case, we agree with Dunn.

▪ Irrespective of whether Dunn should have appeared in court on September 9, Respondent abused his discretion by issuing the show cause order after he sustained Dunn's timely filed objection. The objection was timely because it was filed before the first hearing or trial over which Respondent was to preside. *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996); *see also Mercer v. Driver*, 923 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding); *Lewis v. Leftwich*, 775 S.W.2d 848, 850 (Tex.App.—Dallas 1989, orig. proceeding); Tex. Gov't Code § 74.053(c). After Dunn made his timely objection under section 74.053 of the Texas Government Code, Respondent's disqualification was mandatory. *See Flores*, 932 S.W.2d at 501; *see also* Tex. Gov't Code § 74.053(b). Accordingly, the show cause or-

---

1. Respondent is a Senior District Judge of the 352nd District Court.

2. Respondent alleges that the court administrator specifically ordered Dunn to appear on September 9. Dunn claims that the court adminis-trator never indicated that he was "ordered" to be present. This dispute, however, is not material to the controlling issue of whether Respondent abused his discretion by signing the show cause order.

der signed by Respondent on September 9, after his mandatory disqualification, was a nullity. *See Lewis,* 775 S.W.2d at 851 (stating that any judgment or order entered by an assigned judge who has been disqualified pursuant to section 74.053 of the Texas Government Code is of no effect).

■ When a timely filed objection to a visiting judge is improperly overruled, the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *Flores,* 932 S.W.2d at 501; *see also Amateur Athletic Found. v. Hoffman,* 893 S.W.2d 602, 603 (Tex.App.—Dallas 1994, orig. proceeding); *Rubin v. Hoffman,* 843 S.W.2d 658, 659 (Tex.App.—Dallas 1992, orig. proceeding); *Lewis,* 775 S.W.2d at 851. Under the circumstances of the present case, where Respondent proceeded to enter a show cause order after sustaining the objection, mandamus is similarly appropriate.

Respondent, relying on this Court's decision in *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824 (1960), argues that habeas corpus is an adequate legal remedy for contempt. However, Respondent misplaces his reliance on *Deramus.* In *Deramus,* we held that this Court would not generally review the propriety of a contempt judgment by mandamus. *Id.* at 827. In the present case, a judgment of contempt has not been made. Dunn merely requests that we review the propriety of a show cause order that could potentially lead to a contempt judgment. Moreover, we made clear in *Deramus* that there may be "conditions involved in contempt matters where the writ of habeas corpus would not be adequate and where mandamus would be the proper remedy." *Id.* For example, in *Crane v. Tunks,* 328 S.W.2d 434, 438–41 (Tex.1959), we conditionally granted mandamus compelling a trial court to reconsider a discovery order despite the fact that the trial court had held the party in contempt for failing to comply with the order. The present case is analogous to *Crane* because we have not been requested to review the actual judgment of contempt by mandamus. Rather, we are asked to review the show cause order that could lead to a contempt judgment. This is a proper subject of mandamus when the show cause order is void as a result of a timely section 74.053 objection.

Finally, it should be noted that Dunn might be incarcerated and/or fined if the show cause hearing is held.[3] It would be inequitable to generally provide mandamus relief when a visiting judge objection is improperly overruled, but not to provide mandamus relief when the objection is sustained and then a void order is entered, especially when the order may result in improper incarceration. Accordingly, the circumstances of the present case warrant mandamus relief.

In sum, Dunn's objection was timely; thus, Respondent's show cause order signed after the objection was void. The Court conditionally grants the writ of mandamus and directs Respondent to withdraw the show cause order dated September 9, 1996. *See* TEX. R.APP.P. 122. The writ will issue only in the event that Respondent does not comply.

---

3. However, any such constructive contempt judgment against Dunn would be void because Dunn did not violate a written order of the trial court. *See Ex Parte Chambers,* 898 S.W.2d 257, 259–60 (Tex.1995) (stating that constructive contempt cannot be found unless there is a written order setting forth "clear, specific and unambiguous terms").