**Nicola M. Di FERRANTE, Relator,**

v.

**The Honorable Bradley SMITH, Judge, 272nd Judicial District, Fort Bend County, Texas, Respondent.**

**No. 14–96–00815–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 1997.

Chris P. Di Ferrante, Houston, for relator.

Ralph A. Keen, John R. Craddock, Jason Edward Wilson, Houston, for respondent.

Before LEE, AMIDEI and EDELMAN, JJ.

## MAJORITY OPINION

EDELMAN, Justice.

Relator, Nicola M. Di Ferrante, seeks a writ of mandamus ordering respondent, Judge Bradley Smith, to: (1) vacate two scheduling orders dated June 10 and June 18, 1996 and a severance order dated June 21, 1996; and (2) recuse himself in trial court cause no. 75,931. We conditionally grant the writ.

## Background

Relator is a party to cause numbers 76,478 and 75,931 in the 328th District Court of Fort Bend County. Judge Thomas O. Stansbury is the elected judge of that court. In September of 1995, relator filed a motion to recuse Judge Stansbury in cause no. 75,931. By order dated November 2, 1995, Judge Stovall, Presiding Judge of the Second Administrative Judicial Region of Texas, assigned respondent to the 328th District Court to hear and determine that recusal motion. *See* TEX.R. CIV. P. 18a.[1] By memo to counsel dated November 27, 1995 regarding cause numbers 75,931 and 76,478, Judge Stansbury said:

> Once the pending motion to recuse me is resolved, and if I remain on the case, I intend to sign the partial summary judgment orders which have been rendered. Immediately thereafter, I intend to assign both cases to [respondent] in the Fort Bend County Impact Court.

> ... I wish to advise all counsel of record at this time in case knowledge of my intentions might allow you to agree on a more expeditious route for these cases.

By order dated December 29, 1995, Judge Stovall assigned respondent to the 240th, 268th, and 328th District Courts of Fort Bend County for the period from January 1, 1996 to June 30, 1996 expressly pursuant to Section 74.056 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.056(a) (Vernon 1988).[2]

In a letter dated March 13, 1996, counsel for relator wrote to Judge Stansbury:

> The hearing on [relator's] motion to recuse you is now reset for March 28, 1996, in the Impact Court No. 1 of Fort Bend, [sic] County.

> Your proposal to avoid this procedure, which was that you would sign the summary judgments and then voluntarily transfer the case to Judge Smith is not acceptable to my client. What is acceptable to my client is that the case be voluntarily transferred to Judge Smith, who can hear [relator's] and [real parties' in interest] summary judgments as the first order of business.

> Please let the parties know if you are willing to transfer the case on this basis.

On May 30, a hearing was held and an order entered by respondent denying relator's motion to recuse Judge Stansbury. On June 5, Judge Stansbury granted partial summary judgment in favor of all three defendants in cause no. 75,931, and denied relator's motion for summary judgment in that case. On June 6, Judge Stansbury assigned both cause numbers 76,478 and 75,931 from the 328th District Court to the "Impact

1. By letter to Judge Stovall dated January 8, 1996, relator's counsel stated that although he felt that "[respondent] is imminently qualified to hear a recusal, and would be qualified to handle this litigation should the recusal be granted," he requested that another judge be appointed to hear the motion to recuse Judge Stansbury because, as Administrative Judge of the Fort Bend County District Courts, Judge Stansbury could influence the extent to which [respondent] would work as a judge in the County. However, on appeal, neither side has assigned error to respondent's assignment to preside over the recusal.

2. Section 74.056(a) provides:

> A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

Court"[3] to which respondent had been assigned.[4] On June 10, respondent entered a trial preparation order and a scheduling order in cause no. 75,931.

On June 13, relator filed an objection to the assignment of respondent in both cause numbers. *See id.* § 74.053 (Vernon Supp. 1997). On June 18, respondent entered an amended scheduling order in cause no. 75,-931. By letter dated June 19, respondent sustained relator's objection to him in cause no. 76,478, but stated as to cause number 75,931:

> *I can not honor* [Relator's] *Government Code objection in this cause because it was not asserted in a timely manner. It was not filed before the first hearing over which I presided.*[5]
>
> On November 27, 1995, Judge Stansbury communicated his intention that I would handle the referenced cases after the Motion to Recuse. [Relator] consented to this action by his letter of March 13, 1996 wherein [relator's] counsel stated, "What is acceptable to my client is that the case be voluntarily transferred to [respondent], . . . ."
>
> Under the holding of *Logic Sciences, Inc. v. Smith,* 798 SW2nd [sic] 394 [Tex.App. 1990], I do not have the power to withdraw from the case.

(emphasis added).[6] By order dated June 21, respondent severed relator's cause of action against Rod Gorman from cause no. 75,931 into cause no. 75,931A.

In this mandamus proceeding, relator claims that respondent abused his discretion by not recusing himself after a timely objection to his assignment was filed, and seeks to require respondent to sustain relator's objection to his assignment and to vacate the scheduling and severance orders he thereafter entered.

## Preliminary Matters

■ Real parties in interest contend that relator has not met the requirements for mandamus in that there is no formal order denying relator's objection to the assignment. *See* Tex.R.App. P. 121(a)(2)(C), (a)(4) (a petition for writ of mandamus "shall be accompanied by a certified or sworn copy of the order complained of. . . . "). In his June 19, 1996 letter to counsel, quoted above, respondent unequivocally overruled relator's objection in cause no. 75,931 and stated his reasoning therefor with citation of authority.[7] Nevertheless, "[l]etters to counsel are not the kind of documents that constitute a judgment, decision or order from which *an appeal* may be taken." *Goff v. Tuchscherer,* 627 S.W.2d 397, 398–99 (Tex.1982) (emphasis added). Therefore, although this is a mandamus proceeding rather than an appeal, it is not clear that respondent's June 19, 1996 letter is sufficient to meet the requirement of a sworn copy of the order complained of.

However, respondent also entered a scheduling order on June 18 and a severance order on June 21. Although neither of these orders addressed relator's objection, both were entered after the objection was filed, and, if the objection was valid, both orders would be void and constitute independent grounds for mandamus,[8] whether or not respondent entered a formal order overruling the objection.

3. An impact court has been described as "a type of derivative court, a court acting as the [existing court] but with a different judge and in a different courtroom." *See Welsh v. Welsh,* 905 S.W.2d 615, 617 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

4. According to counsel for relator, he was notified of this assignment by telephone on the morning of June 10.

5. It is not apparent from the record which hearing this statement refers to.

6. On June 25 and July 19, relator filed additional objections to respondent's assignment in cause no. 75,931.

7. This letter was not only in writing, but also issued on the court's letterhead and signed by the judge, although the copies submitted in this proceeding do not indicate whether it was formally filed. Moreover, counsel for both sides in this proceeding attached a copy of this letter as an exhibit to their briefs and verified under oath that it was a true and correct copy.

8. *See Dunn v. Street,* 938 S.W.2d 33, 35 (Tex. 1997) (per curiam) (granting mandamus for order signed after objection was granted); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex.1996).

A copy of each order was attached as an exhibit to relator's petition for writ of mandamus with an affidavit of relator's counsel stating that each was a true and correct copy. Under these circumstances, if the June 19 letter is not sufficient to do so, the copies of the June 18 and 21 orders satisfy the requirement to provide a sworn copy of the order complained of.

As a further preliminary matter, the real parties in interest contend that mandamus relief is not available because relator has not demonstrated that respondent had a *clear-cut* duty to disqualify himself.[9] However, the Texas Supreme Court has recently rejected this notion:

> [Real party in interest] argues that because the legal question confronting the trial court was an issue of first impression in Texas, the court could not have "abused its discretion" in resolving the issue, and thus mandamus relief is inappropriate. We disagree. 'A trial court has no "discretion" in determining what the law is or applying the law to the facts.' *Consequently, the trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion.*

*Huie v. DeShazo,* 922 S.W.2d 920, 927–28 (Tex.1996) (citations omitted) (emphasis added). Therefore, we must determine whether relator's objection to the assignment of respondent should have been sustained.

## Controlling Authorities

■ Judges may be assigned in the manner provided by Chapter 74 of the Texas Government Code (the "Government Code") to hold court when necessary to dispose of accumulated business in the region. TEX. GOV'T CODE ANN. § 74.052 (Vernon 1988). Chapter 74 provides for the assignment of judges in a variety of ways. *See, e.g., id.* §§ 74.003 (Vernon 1988 & Supp. Pamph.

1997) (Assignment of Justices and Appellate Judges), 74.056 (Vernon Supp.1997) (Assignment by Presiding Judge), 74.057 (Vernon 1988) (Assignment by Chief Justice). Judges may also be assigned pursuant to provisions outside Chapter 74.[10]

Section 74.053 of the Government Code, entitled "Objection to Assigned Judge," provides, in part:

> (a) When a judge is assigned *under this chapter* the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.
>
> (b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case....
>
> (c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

*Id.* § 74.053 (Vernon Supp.1997) (emphasis added). Thus, when a party files a timely objection to an assigned judge under section 74.053, the assigned judge's disqualification is mandatory. *Dunn v. Street,* 938 S.W.2d 33, 35 (Tex.1997); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex.1996). For an assigned judge to overrule such an objection is an abuse of discretion entitling the objecting party to mandamus relief directing that the assigned judge disqualify himself and that any orders issued in the case by that judge following the objection are void. *Flores,* 932 S.W.2d at 501–02.

## Assignment by Administrative Judge

■ Real parties in interest assert that an objection was not available under section 74.053 in this case because the assignment was made by a local administrative judge rather than the presiding judge, and, thus,

---

9. *See, e.g., State v. Sims,* 871 S.W.2d 259, 263 (Tex.App.—Amarillo 1994, orig. proceeding) (noting that mandamus is not an appropriate remedy where law is unsettled); *Odoms v. Batts,* 791 S.W.2d 677, 679 (Tex.App.—San Antonio 1990, no writ); *Baird v. Harris,* 778 S.W.2d 147, 148 (Tex.App.—Dallas 1989, orig. proceeding); *Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding).

10. *See, e.g.,* TEX. GOV'T CODE ANN. § 25.0022 (Vernon 1988 & Supp.1997) (Assignment of Judges of Statutory Probate Courts); TEX.R. DISCIPLINARY P. 3.02 (1992), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp.1997) (assignment of judges to preside over attorney disciplinary actions).

was not made under the authority of Chapter 74 of the Government Code. *See Cabrera v. Cedarapids, Inc.,* 834 S.W.2d 615 (Tex. App.—Houston [14th Dist.] 1992), *writ denied as improvidently granted,* 847 S.W.2d 247 (Tex.1993). In *Cabrera,* the judge of the district court in which the action was pending resigned, and a visiting judge was assigned to that court by the presiding judge of the administrative judicial region. *Id.* 834 S.W.2d at 616. The appellee objected to this assignment under section 74.053 and the objection was sustained. *Id.* However, rather than assigning another judge, the presiding judge sent the matter to the administrative judge of the local district courts to reassign to a local elected district court judge. *Id.* The local administrative judge assigned the sitting judge of another district court to oversee the case. *Id.* The appellant then filed an objection to that assignment and later appealed when that objection was not sustained. *Id.* at 616–617.

In affirming the decision, this court observed:

Section 74.053 applies only 'when a judge is assigned under this chapter.' Chapter 74 deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. This section has been interpreted by the appellate courts to be applicable only when a judge is assigned by the presiding judge of the administrative judicial region pursuant to this chapter.[11]

*Id.* at 617. Citing a case from the Austin Court of Appeals,[12] the *Cabrera* opinion then concluded that, because the sitting judge had been assigned by the local administrative judge, rather than the presiding judge, she was not appointed under Chapter 74 and was

not subject to objection under section 74.053.[13] *Id.* at 617–18.

In this case, respondent's assignment to hear the two lawsuits was accomplished in two steps. The first was Presiding Judge Stovall's assignment of respondent to the 240th, 268th and 328th District Courts expressly pursuant to Section 74.056 of the Government Code. The second step was Judge Stansbury's assignment of these cases to respondent as judge of that "Impact Court." Each of these steps was essential to the resulting assignment in the sense that neither step alone accomplished it. Therefore, because the assignment of respondent to these cases, or their assignment to him, as the case may be, was directly attributable to respondent's assignment pursuant to Chapter 74 of the Government Code, that assignment was made under Chapter 74 for purposes of Section 74.053(b).

To the extent that *Cabrera* was correctly decided,[14] it is factually distinguishable from this case in that the assignment of the sitting judge there was not made in part by the presiding judge expressly pursuant to Chapter 74 of the Government Code.[15] Accordingly, respondent's assignment in this case was subject to objection under Section 74.053.

### Timeliness of Objection

■ Real parties in interest also contend that relator's objection to respondent was not timely because relator "failed to present [it] as the first matter to be considered for a ruling." In addition to the motion to recuse, both parties moved for sanctions which were considered at the same time as the recusal motion. Real parties in interest argue that, because the sanctions motions were heard

11. In support of this observation, the *Cabrera* opinion cited *R.J. Gallagher Company v. White,* 709 S.W.2d 379 (Tex.App.—Houston [14th Dist.] 1986, no writ) and *Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding).

12. *See Meuth v. Hartgrove,* 811 S.W.2d 626 (Tex. App.—Austin 1990, writ denied).

13. We question this conclusion in *Cabrera.* To whatever extent a local administrative judge can assign a judge to a court at the direction of a

regional presiding judge under section 74.092(11) of the Government Code, we have found no authority that local administrative judges can assign judges *outside* of Chapter 74.

14. *See supra* note 3.

15. To the extent that section 74.053 reflects a legislative intent to allow parties to object to assigned judges, an exception thereto for assignments by local administrative judges would allow section 74.053 to be easily circumvented and that legislative intent to be defeated.

before relator filed his objection to respondent under Section 74.053, "the first matter presented to Judge Smith was not an objection, but was for some other preliminary matter. Therefore [relator's] objection was not timely."

An objection under Section 74.053 must be filed before the first hearing or trial over which the assigned judge is to preside. *See* Tex. Gov't Code Ann. § 74.053(c) (Vernon Supp.1997).[16] In this case, respondent was first assigned to preside over the recusal motion and later separately assigned to preside over the two lawsuits generally. Whether or not the parties had a right to object to respondent's assignment to the recusal motion, which we do not decide, they could not have had a right under section 74.053 to object to his subsequent assignment until that assignment was made, which did not occur until after the recusal matter was concluded.[17]

It may be real parties' in interest position that, even if relator could not *exercise* a Section 74.053 objection in advance of the assignment, he could nevertheless *waive* that objection in advance by failing to object before respondent presided over a non-recusal matter, *i.e.*, the motions for sanctions. However, Presiding Judge Stovall's November 2, 1995 order assigned respondent to the 328th District Court for the limited purpose of hearing relator's recusal motion. Thus, respondent had no authority to preside over any other matter in the case at that time. Moreover, relator requested that his motion for sanctions be presented to the judge assigned to the recusal because it directly related to the recusal issue,[18] and the order granting real parties' in interest motion for sanctions recited that it was being granted because the motion to recuse was brought solely for the purpose of delay and without sufficient cause.[19] There is no indication that either party's motion for sanctions related to any matter other than the recusal issue. Under these circumstances, relator's right to object under Section 74.053 had not arisen by the time of the recusal hearing, and was not waived in advance by failing to assert it before respondent's consideration of the motions for sanctions.

### Consent to Assignment

■ Finally, real parties in interest claim that mandamus relief should be denied because, in his counsel's March 13 letter to Judge Stansbury, relator consented to the assignment of respondent to preside over cause number 75,931 and thereby waived any future right to object to respondent under Section 74.053. *See Discovery Operating, Inc. v. Baskin,* 855 S.W.2d 884 (Tex.App.—El Paso 1993, orig. proceeding).[20]

16. *See also Morris v. Short,* 902 S.W.2d 566, 568–69 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Logic Sciences, Inc. v. Smith,* 798 S.W.2d 394, 395 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). If the objection is filed after the assigned judge holds a hearing, the objection is untimely. *Logic Sciences,* 798 S.W.2d at 395. Allowing untimely objections would encourage litigants to wait until they " 'get a feeling' for how a judge is going to rule in a case...." *Id.* This is precisely what the statute is designed to prevent. *Id.*

17. Although respondent had been assigned to the Impact Court at the time he heard the recusal motion on May 30, 1996, he had not yet been assigned the two lawsuits in this case. At that time, those lawsuits remained pending before Judge Stansbury, and relator had received no notice of an assignment of them to respondent's court. He thus had no basis yet to assert a section 74.053 objection.

18. In his motion for sanctions, relator argued that real parties in interest identified Judge Stansbury in interrogatory answers as a person with knowledge of relevant facts without basis and for the purpose of being able to recuse or disqualify him.

19. *See* Tex.R. Civ. P. 18a(h).

20. In *Discovery Operating,* Judge Baskin, the sitting judge of the trial court, was to retire at the end of the current year. 855 S.W.2d at 886. During a hearing before year end, counsel for one party asked counsel for Discovery, "Are you willing to let Judge Baskin try this case after the first of the year?" *Id.* Discovery's counsel answered, "Yes, of course, we are." *Id.* In deciding that counsel for Discovery had *not* thereby waived its Section 74.053 objection to Judge Baskin's later assignment to the case, the appeals court ruled that (1) the statement on the record was not a clear agreement to relinquish the right to object to the assignment; and (2) because Discovery did not possess the right to object to the assignment before the assignment took place, it could not waive the non-existent right in advance. *Id.* at 887.

The March 13 letter proposed that the case be transferred to respondent for him to hear the parties' motions for summary judgment. However, Judge Stansbury instead ruled on the summary judgment motions himself *before* assigning the cases to respondent, which the March 13 letter expressly stated was not acceptable to relator. Therefore, to the extent a party can legally consent to an assignment in advance,[21] the condition attached to relator's alleged consent was not satisfied in this case. Thus, any such consent could not be binding on relator. Accordingly, relator's March 13 letter did not operate as a waiver of his right to object under Section 74.053 to respondent's subsequent assignment to this litigation.

Because relator made a timely objection under Section 74.053, respondent was required to remove himself from cause no. 75,931. *See Flores*, 932 S.W.2d at 501. Respondent's overruling of relator's objection was an abuse of discretion subject to mandamus relief, and the scheduling and severance orders respondent signed after relator's objection was filed are void. *See id.* Accordingly, we conditionally grant relator's petition for writ of mandamus and direct respondent to vacate his orders of June 18 and 21, 1996 and disqualify himself from any further proceedings in this case. A writ of mandamus will issue only if respondent fails to do so.

LEE, Justice, concurring.

I concur in the Court's judgment; however, I would hold that the letter order issued by the respondent in this case meets the requirements of Rule 121.

The majority holds that, despite its unequivocal nature, the letter order signed by respondent and issued on court letterhead does not necessarily meet the requirements of Rule 121. TEX.R.APP. P. 121(a)(2)(c) and 121(a)(4) require a petition for writ of mandamus to be accompanied by a certified or sworn copy of the order complained of. Based on the holding in *Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex.1982), the majority questions whether relator has met the procedural requirement of an "order complained of."

*Goff* is inapplicable to an original proceeding. Rather than addressing what constitutes an order for purposes of seeking mandamus relief, *Goff* merely holds that appellate deadlines begin to run from the date an order is signed, and not from the date of a letter requesting the drafting of an order for court signature. 627 S.W.2d at 398. This holding is consistent with the rules concerning deadlines for filing post-judgment motions and for perfecting an appeal. *See* TEX.R.APP. P. 306a; TEX.R.APP. P. 41. Original proceedings are not appeals and are governed by different rules and timetables. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n. 1 (Tex.1991).

Real parties in interest concede mandamus relief is available when a trial judge renders an oral ruling, *see Davenport v. Garcia*, 837 S.W.2d 73, 73 (Tex.1992), and when a trial judge refuses to act. *Anderson*, 806 S.W.2d at 793. Although no cases expressly address whether a letter order is sufficient under Rule 121, *Champion Int'l Corp. v. Twelfth Court of App.*, 762 S.W.2d 898, 899 (Tex. 1988) provides support by implication. In *Champion*, the trial court granted a mistrial in a signed letter order. *Id.* at 899. The supreme court upheld the trial court's letter order and conditionally granted mandamus against the intermediate appellate court for their finding of an abuse of discretion. *Id. Champion* contains no discussion of the requirements of Rule 121, but, significantly, the court does not dismiss or deny relief for lack of a typical order.[1]

---

**21.** The assignment of judges to cases, or cases to judges, is a matter reserved by the Legislature to the judiciary. We believe that it offends public policy and undermines the image of an impartial judiciary for litigants to haggle with judges over such assignments.

**1.** Although one could argue the court did not discuss procedural defects because no one raised these complaints, such complaints need not be raised; the courts determine *sua sponte* whether motions for leave and petitions for writ of mandamus meet the requirements of Rule 121. *See, e.g., Barnes v. State*, 832 S.W.2d 424 (Tex.App.— Houston [1st Dist.] 1992, orig. proceeding) (listing the many procedural defects in relator's petition, but deciding to overlook these because relator was acting pro se).

In his June 19, 1996 letter to counsel respondent unequivocally overruled relator's objection in cause no. 75,931 and stated his reasoning therefor with citation of authority.[2] It would be unreasonably technical to refuse to consider an order, contained in a letter on court letterhead, and signed by the judge with the unmistakable intention that it serve as a ruling on relator's objection. Therefore,

I would hold the letter met the procedural requirements of Rule 121.

2. This letter was not only in writing but also issued on the court's letterhead, and signed by the judge, although the copies of respondent's letter submitted in this proceeding do not indicate whether it was formally filed in the case. Counsel for both sides in this proceeding attached a copy of this letter as an exhibit to their briefs and verified under oath that it was a true and correct copy thereof.