**In re TORCH ENERGY MARKETING, INC.**

No. 04–98–00520–CV.

Court of Appeals of Texas, San Antonio.

Aug. 26, 1998.

Rehearing Overruled April 1, 1999.

Warren W. Harris, Craig L. Stahl, Stephen J. Joncus, Bracewell & Patterson, L.L.P., Houston, for Appellant.

Steven W. Ellis, Ellis & Prehn, P.C., Corpus Christi, Timothy E. Gehl, Russell D. Workman, King & Pennington, L.L.P., Gary E. Ellison, Gary E. Ellison, P.C., Houston, Timothy J. Herman, Herman, Bullion, Howry and Horton, Austin, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

**OPINION**

ANGELINI, Justice.

Relator, Torch Energy Marketing, Inc., seeks a writ of mandamus ordering respondent, Judge Fernando Mancias, to vacate his orders in the underlying case and to disqualify himself from any further proceedings in the case. Because Judge Mancias's disqualification is mandatory under the Texas Government Code, we conditionally grant the writ.

The underlying suit arises from a dispute over an oil and gas lease. Torch Energy Marketing, Inc. (Torch) is one of sixty-three defendants. The suit is pending in the 79 th Judicial District Court of Brooks County, before Judge Terry Canales. One of the

defendants filed a Motion to Disqualify or Recuse Judge Canales, alleging that Judge Canales was related to the plaintiffs and had been involved in business with them. Judge Darrell Hester, the presiding judge of the Fifth Administrative Judicial Region, assigned Judge Fernando Mancias to hear the motion to recuse. Torch filed an objection to the assignment of Judge Mancias pursuant to TEX. GOV'T CODE ANN. § 74.053(b) (Vernon Pamph.1998). Judge Mancias overruled the objection on June 5, 1998, and on June 9, 1998, he denied the motion to recuse Judge Canales.

Torch claims that, once it made its objection to Judge Mancias's assignment, Judge Mancias was automatically disqualified from hearing the motion to recuse. Accordingly, Torch contends that Judge Mancias committed a clear abuse of discretion in overruling its objection. Torch bases its claim on TEX. GOV'T CODE ANN. § 74.053 which provides, in part:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

TEX. GOV'T CODE ANN. § 74.053(b)(Vernon Pamph.1998). Accordingly, when a party files a timely objection to an assigned judge under section 74.053, the assigned judge's disqualification is mandatory. *Dunn v. Street*, 938 S.W.2d 33, 34–35 (Tex.1997); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996). In this case, the objection was timely because it was filed before Judge Mancias presided over any matter in this case. *See id.*

At the hearing on Torch's objection, the plaintiffs sought to avoid the mandatory language of section 74.053 by arguing that Judge Mancias was assigned to hear the motion to recuse under TEX.R. CIV. P. 18a, not under chapter 74 of the Government Code.[1] It is true that when a judge is as-

signed under a rule or statute other than chapter 74 of the Government Code, there is no automatic right to object. *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 617–18 (Tex.App.—Houston [14th Dist.] 1992), *writ dism'd, improvidently granted*, 847 S.W.2d 247 (Tex.1993); *see Gonzalez v. Ables*, 945 S.W.2d 253, 254 (Tex.App.—San Antonio 1997)(orig.proceeding). However, in spite of the language in the order of assignment, this is not a case in which the judge was assigned under a rule or statute other than chapter 74 of the Government Code. Judge Mancias could not have been assigned *under* TEX.R. CIV. P. 18a because Rule 18a does not provide the presiding judge with authority to assign a visiting judge to hear a motion to recuse.

Rule 18a establishes the procedure to be followed in filing a motion to recuse. Once a motion to recuse is filed, the rule provides that "the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion." TEX.R. CIV. P. 18a (c). This language establishes the procedure to be followed when a motion to recuse is filed, it does not operate as the authority under which the presiding judge will make the assignment. Such authority is granted by Chapter 74 of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.052 (Vernon 1988) (authorizing the presiding judge of the administrative judicial region to assign judges when necessary to dispose of accumulated business); TEX. GOV'T CODE ANN. § 74.059 (Vernon Pamph.1998) (stating that a district judge shall "request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court"). In short, a motion to recuse, filed pursuant to Rule 18a, necessitates the assignment of a visiting judge under Chapter 74. *See Flores v. Banner*, 932 S.W.2d 500 (Tex.1996); *DiFerrante v. Smith*, 940 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1997)(orig.proceeding); *Mer-*

---

1. The Order of Assignment reads as follows:
   *Pursuant to Rule 18a Texas Rules of Civil Procedure,* I assign the Honorable Fernando Mancias, Judge of the 93 rd District Court, to the 79 th District Court of Brooks County, Texas.
   
   This assignment is for the purpose of the assigned Judge hearing a Motion to Recuse the Honorable Terry A. Canales pending in Cause No. 96–08–7451–CV ....(emphasis added)

*cer v. Driver,* 923 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1995)(orig.proceeding).

In *Flores,* a motion to recuse the trial judge was filed, and the region's presiding judge assigned a visiting judge to hear the motion. *Flores,* 932 S.W.2d at 501. Although a section 74.053 objection to the visiting judge was filed, the visiting judge overruled it and denied the motion to recuse. *Id.* The supreme court conditionally granted the relator's petition for writ of mandamus, holding that the Government Code made disqualification mandatory under the facts presented. *Id.* at 502. Likewise, in both *DiFerrante* and *Mercer,* the relator filed a motion to recuse the trial judge, and a visiting judge was appointed to hear the motion. *DiFerrante,* 940 S.W.2d at 845; *Mercer,* 923 S.W.2d at 657. The relator objected to the assignment, but the trial court overruled the objection. *Id.* In both cases, the court held that the visiting judge had abused his discretion by failing to disqualify himself after a proper section 74.053 objection to his assignment had been lodged. *DiFerrante,* 940 S.W.2d at 850; *Mercer,* 923 S.W.2d at 658.

The present case is factually similar to *Flores, DiFerrante,* and *Mercer.* The fact that the presiding judge indicated that Judge Mancias's assignment was pursuant to TEX.R. CIV. P. 18a does not change the facts. The appointment was clearly made via the authority of Chapter 74 of the Government Code.

In the trial court, the plaintiffs noted the effect that the application of section 74.053 would have on the underlying litigation. Specifically, because section 74.053(b) allows each party to the litigation one objection to the assignation of a visiting judge and this case involves sixty-three defendants, the plaintiffs argue that the trial could be delayed indefinitely if section 74.053 is applied. Unfortunately, the legislature has made no provision for staying the application of a mandatory statute when its effect is not desirable to one of the parties. If we were to hold that the language used by a presiding judge in assigning a visiting judge to hear a motion to recuse could avoid the application of Chapter 74, we would be abrogating a statutorily created right to object to an as-signed judge. *See In re City of Wharton,* 966 S.W.2d 855, 858 n. 10 (Tex.App.—Houston [14th Dist.] 1998)(orig.proceeding); *DiFerrante,* 940 S.W.2d at 848 n. 15. Such a decision is the role of the Legislature, not the courts. *City of Wharton,* 966 S.W.2d at 858 n. 10.

When Torch made a timely objection under section 74.053, Judge Mancias was required to disqualify himself from the proceeding. His refusal to do so was an abuse of discretion subject to mandamus relief. *See Flores,* 932 S.W.2d at 501 (holding that "if the assigned judge overrules a timely section 74.053 objection, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief."); *see also Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). Accordingly, we conditionally grant relator's petition for writ of mandamus and instruct respondent to disqualify himself from any further proceedings in this case. A writ of mandamus will issue only if respondent fails comply with these instructions. Any orders respondent has issued in this case are void, and our previous stay order is lifted.