**In re Cynthia A. BARRERA.**

**No. 04–99–00683–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 8, 1999.

Hector P. Gonzalez, Law Office of Hector P. Gonzalez, Alice, for Appellant.

Will W. Pierson, Myra K. Morris, Royston, Rayzor, Vickery & Williams, L.L.P., Corpus Christi, Chester J. Makowski, Ruth A. Silvers, Royston, Rayzor, Vickery & Williams, L.L.P., Houston, Darrell L. Barger, Augustin Rivera, Jr., Patrick M. Martinez, Barger, Hermansen, McKibben & Villarreal, L.L.P., Corpus Christi, Sharon E. Callaway, Jacqueline M. Stroh, Crofts, Calaway & Jefferson, P.C., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

Relator, Cynthia A. Barrera petitions this court for a writ of mandamus ordering Judge Woody Densen to vacate his orders granting partial summary judgment and dismissing the underlying case with prejudice and to disqualify himself from hearing any further proceedings in the underlying case. Because we find that Judge Densen's disqualification is mandatory, we conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 1999, relator Cynthia Barrera filed suit for damages against real parties in interest Judge Terry Canales and Jim Wells County in the 79th Judicial District Court of Jim Wells County.[1] By order dated May 24, 1999, the presiding judge of the Fifth Administrative Judicial Region, assigned respondent Judge Woody

---

1. Judge Canales is the elected judge of the 79th Judicial District in Jim Wells County.

Densen to preside over the 79th Judicial District Court in Jim Wells County from May 24, 1999 to May 26, 1999. A separate order assigned Judge Densen to preside over the same court in Brooks County from May 27, 1999 to May 28, 1999.

Accordingly, Judge Densen heard and granted Judge Canales' motion for protective order in Jim Wells County on May 25, 1999. Then, while he was sitting in Brooks County on May 27, 1999, Judge Densen conducted a telephone conference with the parties, during which he formally denied Barrera's motion to quash a deposition notice.

By order dated June 9, 1999, the presiding judge again appointed Judge Densen to the 79th Judicial District Court for the express purpose of presiding over the underlying case. On August 13, 1999, Barrera filed an objection to the assignment of Judge Densen pursuant to TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998). Judge Densen overruled the objection on August 20, 1999, and granted Judge Canales's motion for summary judgment. On August 31, 1999, Barrera renewed and supplemented her objection to Judge Densen's assignment. Judge Densen noted that the objection to his assignment "[did] not apply" and granted Jim Wells County's plea to the jurisdiction, dismissing the case with prejudice.

### DISCUSSION

 Chapter 74 of the Texas Government Code authorizes the nine regional presiding judges to assign visiting judges to courts in their regions. See In re Perritt, 992 S.W.2d 444, 446 (Tex.1999). Where an assigned judge overrules a timely objection to his assignment, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief. See Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 437 (Tex.1997); Flores v. Banner, 932 S.W.2d 500, 501 (Tex.1996). Objections to assigned judges are governed by section 74.053 as follows:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998). Subsection (b) allows a party to make one objection to any assigned judge. However, subsection (d) allows unlimited objections "to an assigned judge who was not a retired judge," or in other words, to a former judge. See Mitchell Energy, 943 S.W.2d at 437. A judge's status as a retired or former judge is determined at the time the judge leaves office, not at the time of assignment. See Perritt, 992 S.W.2d at 446 n. 2; Mitchell Energy, 943 S.W.2d at 440.

In the present case, Judge Densen's status as either a former or retired judge is in dispute. The only evidence of Judge Densen's status in the record before us is Judge Densen's own statement, made during the hearing on Barrera's objection to his assignment. Judge Densen noted that he "was a former judge when [he] left the bench ... however ... at that time, I was a vested judge." This statement is ambiguous, at best, and provides little evidence of Judge Densen's true status. Fortunately, however, Judge Densen's status is irrelevant to the issue before us as only one objection to his assignment has been lodged. More to the point, regardless of Judge Densen's status, any objection made to his assignment under chapter 74.053 was required to be timely. See TEX. GOV'T CODE ANN. § 74.053(c) (Vernon 1998).

Judge Densen deemed Barrera's objection to his assignment untimely because,

when the objection was filed, he had already heard and ruled upon pre-trial discovery matters in the case without objection. Barrera notes, however, that Judge Densen heard the motion for protective order by authority of the May 24, 1999, assignment. According to Barrera, her objection related to the June 9, 1999, assignment. At the time Barrera objected, Judge Densen had not presided over any matter in the underlying case by the authority of the June 9, 1999, assignment. Accordingly, Barrera argues that the objection was timely.

On the other hand, real party in interest Terry Canales contends that Judge Densen's authority over the underlying case did not expire with the May 24, 1999, order of assignment. Instead, according to Canales, once Judge Densen ruled on pre-trial matters, his authority extended to the entire case, including trial on the merits. Based upon this reasoning, Canales argues that the June 9, 1999, assignment order was superfluous and unnecessary.

We have not found nor have the parties cited a case that is precisely on point. However, Barrera points us to several cases presenting similar factual situations. In *O'Connor v. Lykos*, a judge who was assigned to hear a motion to modify custody granted a default judgment and then a motion for new trial. When the judge was reassigned to hear the new trial, one of the parties objected. The court held that the objection to the reassignment was timely because the judge had not taken action under the authority of the new assignment. See *O'Connor v. Lykos*, 960 S.W.2d 96, 98 (Tex.App.—Houston [1st Dist.] 1997, no writ).

Similarly, in *Di Ferrante v. Smith*, a judge was assigned to hear a motion to recuse without objection. He was later assigned to preside over the lawsuit in general. The court held that the objection to the second assignment was timely. See *Di Ferrante v. Smith*, 940 S.W.2d 843, 848–49 (Tex.App.—Houston [14th Dist.] 1997, no writ). And in *Starnes v. Chap-*

*man*, a judge who was assigned to preside over a specific case granted summary judgment. After the summary judgment was appealed and reversed, the judge was reassigned to hear the case on remand. The court held that that the objection to the reassignment was timely because the two assignments were separate. *See Starnes v. Chapman*, 793 S.W.2d 104. 105–07 (Tex.App.–Dallas 1990, original proceeding); *c.f. NCF, Inc. v. Harless*, 846 S.W.2d 79, 82 (Tex.App.-Dallas 1992, no writ); *Ex parte Holland*, 807 S.W.2d 827, 828–29 (Tex.App.–Dallas, 1991, writ.dism'd w.o.j.).

This body of case law seems to suggest that once a judge's authority under one assignment has expired a new assignment is necessary in order for the judge to continue to act in a particular case. Canales distinguishes these cases on several fronts, and we acknowledge that they are distinguishable. Canales, though, has not provided us with authority any less distinguishable in support of his position. Canales cites *Bourgeois v. Collier* for the proposition that "if an assigned judge sitting under a general assignment presides over any pretrial hearing, he is authorized to hear all related proceedings, including trial on the merits." *See Bourgeois v. Collier*, 959 S.W.2d 241, 244 (Tex. App.—Dallas 1997, no writ)(citing *Money v. Jones*, 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ denied)). The statement in *Bourgeois*, however, is dicta. And *Money* presents facts completely different from those with which we are presented. In *Money*, there was only one assignment and trial on the merits unquestionably began under the authority of that assignment, so the questions of when the assignment expired or whether a new assignment was required did not arise.

■ Finding no case precisely on point, we look to the language of the assignments at issue. The first assignment order authorized Judge Densen to preside over the 79th Judicial District Court in Jim Wells County from May 24 to May 26, "provided

that it shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period." To support his argument that Judge Densen had complete authority over the underlying case once he heard a pre-trial motion, Canales focuses on the following language of the assignment: "shall continue thereafter so long as may be necessary for the assigned judge ... to pass on ... all other matters growing out of any cause heard by the assigned judge during such period." While this phrase, when viewed alone, may lend support to Canales's position, we are bound to read the terms of the assignment as a whole and in context.

Under the express terms of the assignment, taken in its entirety, the only way Judge Densen's authority could have continued after May 26 is if he had begun a trial during the period of assignment. While we are unaware of the action he may have taken in other cases during such time, it is undisputed that he did not begin the trial of the case at issue. Therefore, Judge Densen did not have authority over the underlying case from May 27 until the June 9 assignment was entered. On June 9 he was assigned to preside over the case in its entirety and a new period of jurisdiction began. The June 9 assignment was separate and distinct from the May 24 assignment. Accordingly, an objection to the new assignment was timely as long as Judge Densen had not acted in the case by authority of the new assignment. As the court in *Di Ferrante* noted, the objecting party does not even have a right to object to the judge's subsequent assignment until that assignment has been made. *See Di Ferrante*, 940 S.W.2d at 849.

Canales argues that this holding will result in litigants being able to "test out" a judge during pre-trial hearings and object only after they have a "feeling" for how the judge will rule in a case. While this

may be the case in a limited number of circumstances, it may be avoided when the presiding judge assigns a visiting judge to a specific case from the outset of the case so that the assignment does not expire until the case is decided, and it is far preferable to the result if we were to hold that a general assignment extends indefinitely once a pre-trial matter has been heard and ruled upon. To hold that assignment orders such as the ones at issue are not separate and distinct would permit a judge who is assigned to a court for a matter of days and happens, by virtue of that assignment, to pass upon a relatively ministerial pre-trial matter to retain jurisdiction over a trial that might not occur for several years.

■ Not only is such a holding unreasonable, it would defy the express terms of the assignment order at issue. In this case, Judge Densen simply had no authority to act between May 26 and June 9. Therefore, at any point before Judge Densen exercised the jurisdiction conferred upon him by the June 9 assignment, either party had a right to object to the assignment pursuant to section 74.053. Because Barrera lodged a timely objection to Judge Densen's June 9 assignment, Judge Densen's disqualification was mandatory. *See Dunn v. Street*, 938 S.W.2d 33, 34–35 (Tex. 1997); *Flores*, 932 S.W.2d 500 at 501.

Because Judge Densen abused his discretion in overruling Barrera's objection to his assignment, Barrera's petition is conditionally granted and Judge Densen is instructed to disqualify himself from any further proceedings in the underlying case. A writ of mandamus will issue only if Judge Densen fails to comply with these instructions. Judge Densen's orders of August 20, 1999, and September 3, 1999, are void, and our previous stay order is lifted.