Dismissed and Opinion filed December 19, 2002









Dismissed and Opinion filed December 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00958-CV

____________

 

GERALD A. BURKS, Appellant

 

V.

 

JIM YARBROUGH, EDDIE BARR, EDDIE JANEK,
STEPHEN HOLMES,

KEN
CLARK, MICHAEL GUARINO and PHILLIP LOHEC, Appellees

 



 

On
Appeal from the 122nd District Court

Galveston County, Texas

Trial
Court Cause No. 02CV0659

 



 

M
E M O R A N D U M   O P I N I O N








Appellant, Gerald A. Burks, Galveston County Treasurer, filed
a petition to remove various Galveston County officials from office.  See Tex.
Loc. Gov=t Code Ann. ' 87.015.  The statute requires a petitioner for removal
to obtain a written order for service of citation on the officer for which
removal is sought.  Id. ' 87.016 (a).  The trial judge did not issue an order for
citation and dismissed the suit on August 29, 2002.  See id. ' 87.016(c).  On September 3, 2002, appellant filed a
notice of appeal, and he filed an amended notice of appeal on September 13,
2002, in which he stated his intent to appeal the trial court=s order signed August 29, 2002.  The statute provides, however, that no appeal
or writ of error may be taken from the judge=s refusal to issue citation and
dismissal of the petition.  Id.  Therefore, we have no jurisdiction over
appellant=s attempted appeal.

On December 3, 2002, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for
want of jurisdiction.[1]  See Tex.
R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Appellant asserts he had filed an objection
to the assignment of the visiting judge who presided over this case, and that a
petition for writ of mandamus under Texas Rule of Appellate Procedure 52 is the
appropriate manner to attack the judge=s failure to withdraw when an
objection is raised under section 74.053 of the Government Code.  Without deciding whether appellant may be
entitled to extraordinary relief, we agree that mandamus is generally available
when a timely and proper objection to a visiting judge is incorrectly
overruled.  See Dunn v. Street,
938 S.W.2d 33, 34 (Tex. 1997).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed December 19, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.3(b).

 











[1]   Because no
service of citation has issued, Aappellees@ are not
true parties to this appeal.  They have,
however, submitted amici curiae briefs addressing the
jurisdictional issue.