

# NUMBER 13-18-00200-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PLAINSCAPITAL BANK

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides[1]

By petition for writ of mandamus, relator PlainsCapital Bank (PlainsCapital) contends that the Honorable Linda Reyna Yañez erred in overruling its objection to her assignment to the underlying case, and the Honorable Missy Medary, Presiding Judge of the Fifth Administrative Judicial Region, abused her discretion by refusing to appoint a new judge to the case. *See generally* TEX. GOV'T CODE ANN. §§ 74.053, 74.056 (West,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Westlaw through 2017 1st C.S.). We deny the petition for writ of mandamus in part and dismiss it in part.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

In terms of review by mandamus, when an assigned judge overrules a timely objection to the assignment, the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding). The objecting party need not demonstrate that it lacks an adequate remedy by appeal. *Dunn v. Street*, 938 S.W.2d 33, 34 (Tex. 1997) (orig. proceeding); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996) (orig. proceeding); *In re Flores*, 53 S.W.3d 428, 430 (Tex. App.—San Antonio 2001, orig. proceeding).

2

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, Ricardo Diaz Miranda, and the applicable law, is of the opinion that PlainsCapital has not met its burden to obtain mandamus relief against the assigned judge. *See generally* TEX. GOV'T CODE ANN. § 74.053; *In re Canales*, 52 S.W.3d at 702–04; *In re S.N.Z.*, 421 S.W.3d 899, 907–08 (Tex. App—Dallas 2014, pet. denied). And, to the extent that PlainsCapital seeks relief against the Presiding Judge of the Fifth Administrative Judicial Region, we lack jurisdiction to consider its claims. *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding); *In re Lopez*, 286 S.W.3d 408, 410 (Tex. App.—Corpus Christi 2008, orig. proceeding [mand. denied]); *In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.—Amarillo 2003, orig. proceeding). Accordingly, we DENY the petition for writ of mandamus, in part, as to the claims against the assigned judge, and we DISMISS the petition for writ of mandamus, in part, as to the claims against the regional administrative judge.

GINA M. BENAVIDES,
Justice

Delivered and filed the
17th day of April, 2018.