**Opinion filed August 12, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00160-CV

_____

## IN RE LINDA JACKSON

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Linda Jackson, has filed in this court a petition for writ of mandamus that relates to a suit affecting the parent–child relationship between Relator and her children: Cause No. CV2001036 in the 35th District Court of Brown County. The trial court signed an agreed final order in the underlying cause on July 14, 2021, and Relator has filed an appeal from that order. Her appeal is currently pending in this court in Cause No. 11-21-00156-CV.

Mandamus relief is appropriate only if the trial court has abused its discretion and there is no adequate appellate remedy. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)

(orig. proceeding). The burden of establishing these matters is on Relator. *See CSX,* 124 S.W.3d at 151.

In the proceeding before us, Relator complains that the trial court abused its discretion in numerous ways, that the trial court lacked jurisdiction over the proceedings below, that the evidence was legally and factually insufficient, that the integrity of the process below was questionable, and that the trial court's order threatens continued serious harm. We have reviewed Relator's petition for writ of mandamus and the record that she filed in support of her petition, and we have concluded that the trial court's order does not appear to be void[1] and that Relator has failed to show that she lacks an adequate remedy by and through her appeal, which is currently pending before this court.

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

August 12, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (holding that, if the challenged order is void, the relator need not show inadequate appellate remedy); *Dunn v. Street*, 938 S.W.2d 33, 35 (Tex. 1997) (holding that a writ of mandamus will issue to compel a trial court to set aside a void order because signing a void order is necessarily an abuse of discretion for which the ordinary appellate remedy is inadequate).